In an action to foreclose a mortgage, the defendant Trevor A. Duncan appeals, as limited by his brief, from so much of a judgment of foreclosure and sale of the Supreme Court, Queens County (Flug, J.), entered December 8, 2014, as is in favor of the plaintiff and against him.
 

 Ordered that the appeal is dismissed, except insofar as the appeal brings up for review an order of the same court dated February 24, 2010, which denied the appellant’s motion, in effect, to vacate his defaults in answering the complaint and in opposing the plaintiff’s subsequent motion for leave to enter a default judgment, and pursuant to CPLR 3215 (c) to dismiss the complaint as abandoned and so much of an order of the same court entered October 7, 2014, as denied the appellant’s motion, inter alia, to dismiss the complaint insofar as asserted against him, on the ground that no appeal lies from a judgment of foreclosure and sale entered upon the appellant’s default (see CPLR 5511); and it is further,
 

 Ordered that the judgment of foreclosure and sale is affirmed insofar as reviewed; and it is further,
 

 Ordered that one bill of costs is awarded to the plaintiff.
 

 A defendant seeking to vacate a judgment or order entered on default must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action or opposition to the relief sought in the motion (see CPLR 5015 [a] [1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]; Westchester Med. Ctr. v Allstate Ins. Co., 80 AD3d 695 [2011]). Here, the appellant proffered no reasonable excuse for failing to answer the complaint and for failing to oppose the plaintiff’s subsequent motion for leave to enter a default judgment. Moreover, the appellant failed to offer a potentially meritorious defense to the action or opposition to the motion. Accordingly, the Supreme Court properly denied the branch of his motion which was, in effect, to vacate his defaults. The court also properly denied the branch of that motion which was pursuant to CPLR 3215 (c) to dismiss the complaint as abandoned (see US Bank N.A. v Dorestant, 131 AD3d 467, 469 [2015]).
 

 The Supreme Court properly denied the appellant’s subsequent motion, inter alia, to dismiss the complaint insofar as asserted against him.
 

 The appellant’s remaining contentions are without merit.
 

 Leventhal, J.P., Chambers, Maltese and Duffy, JJ., concur.