Ditech Fin., LLC v Rizzo (2019 NY Slip Op 06472)





Ditech Fin., LLC v Rizzo


2019 NY Slip Op 06472


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-01584
 (Index No. 131053/09)

[*1]Ditech Financial, LLC, formerly known as Green Tree Servicing, LLC, respondent, 
v
Joseph Rizzo, appellant, et al., defendants.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and David R. Smith of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Joseph Rizzo appeals from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated November 15, 2017. The order denied that defendant's motion, inter alia, in effect, to vacate an order of reference of the same court dated October 6, 2015, and a judgment of foreclosure and sale of the same court dated August 10, 2016, entered upon his failure to appear or answer the complaint, and pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned.
ORDERED that the order is affirmed, without costs or disbursements.
On October 10, 2003, the defendant Joseph Rizzo (hereinafter the appellant) borrowed the sum of $233,000 from Countrywide Home Loans, Inc. (hereinafter Countrywide). The loan was evidenced by a note in the amount of $233,000 and secured by a mortgage in favor of Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for Countrywide, encumbering real property located in Staten Island (hereinafter the subject property).
In 2009, BAC Home Loans Servicing, LP (hereinafter BAC), commenced this action against, among others, the appellant to foreclose the mortgage. The complaint alleged, inter alia, that the appellant had failed to comply with his payment obligations under the note and mortgage since August 1, 2008. On July 11, 2009, the appellant was served pursuant to CPLR 308(2) at the subject property with, inter alia, the summons and complaint. The appellant neither answered, appeared, nor otherwise moved with respect to the complaint, and he failed to appear at mandatory foreclosure settlement conferences.
In February 2015, BAC moved, inter alia, for leave to enter a default judgment against the appellant and for an order of reference. In an order of reference dated October 6, 2015, the Supreme Court granted the motion. In addition to awarding a default judgment against the appellant and appointing a referee, the court amended the caption by substituting Green Tree Servicing, LLC, as the plaintiff since it had been assigned the note and mortgage in June 2013. The order of reference was mailed to the appellant on December 28, 2015. A judgment of foreclosure and sale [*2]was issued on August 10, 2016. The judgment further amended the caption to reflect Ditech Financial, LLC, formerly known as Green Tree Servicing, LLC (hereinafter the plaintiff), as the plaintiff. In October 2017, the appellant moved by order to show cause, inter alia, in effect, to vacate the order of reference and the judgment of foreclosure and sale, and pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. In an order dated November 15, 2017, the court denied the motion.
Generally, "[a] defendant seeking to vacate a judgment or order entered on default must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action or opposition to the relief sought in the motion" (FRT 2011-1 Trust v Duncan, 156 AD3d 867, 868; see CPLR 5015[a][1]; Nationstar Mtge., LLC v Rodriguez, 166 AD3d 990; Bank of N.Y. Mellon Trust Co., N.A. v Sukhu, 163 AD3d 748).
We agree with the Supreme Court's determination denying those branches of the appellant's motion which were, in effect, to vacate the order of reference and the judgment of foreclosure and sale. The appellant proffered no reasonable excuse for failing to appear in the action or answer the complaint, or for failing to oppose the subsequent motions, inter alia, for an order of reference and a judgment of foreclosure and sale (see Bank of N.Y. Mellon Trust Co., N.A. v Sukhu, 163 AD3d 748; Hudson City Sav. Bank v Bomba, 149 AD3d 704; Deutsche Bank Natl. Trust Co. v Ramharrack, 139 AD3d 787; New Century Mtge. Corp. v Adeyan-Ju, 139 AD3d 683; JP Morgan Chase Bank, N.A. v Russo, 121 AD3d 1048; JP Morgan Mtge. Acquisition Corp. v Hayles, 113 AD3d 821).
Since the appellant failed to establish a reasonable excuse for his default, it is not necessary to determine whether he demonstrated a potentially meritorious defense to the action or potentially meritorious opposition to the relief sought in the motions (see Hudson City Sav. Bank v Bomba, 149 AD3d at 705; New Century Mtge. Corp. v Adeyan-Ju, 139 AD3d at 684; JP Morgan Chase Bank, N.A. v Russo, 121 AD3d at 1049).
We also agree with the Supreme Court's determination denying that branch of the appellant's motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. This branch of the motion was untimely because it was made after entry of the judgment of foreclosure and sale (see P.B. #7, LLC v 231 Fourth Ave. Lyceum, LLC, 167 AD3d 1028, 1030-1031; Fuentes v Virgil, 88 AD3d 643, 644).
DILLON, J.P., LEVENTHAL, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court