Insiders Success Ventures, LLC v Onewest Bank, FSB (2020 NY Slip Op 05728)





Insiders Success Ventures, LLC v Onewest Bank, FSB


2020 NY Slip Op 05728


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2018-03444
 (Index No. 500172/17)

[*1]Insiders Success Ventures, LLC, appellant,
v
Onewest Bank, FSB, etc., defendant, Deutsche Bank National Trust Company, etc., respondent.


Garin & Associates, PLLC, New York, NY (Alexia Garin of counsel), for appellant.
Duane Morris LLP, New York, NY (Brett L. Messinger of counsel), for respondent.



DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Andrew Borrok, J.), dated January 11, 2018, as amended. The order, as amended, granted the motion of the defendant Deutsche Bank National Trust Company pursuant to CPLR 5015(a)(1) to vacate a judgment of the same court entered September 26, 2017, upon its default in appearing or answering the complaint, and for leave to interpose a late answer, and denied the plaintiff's cross motion to cancel a notice of pendency filed against the subject property and to impose sanctions pursuant to 22 NYCRR 130-1.1.
ORDERED that the order, as amended, is modified, on the law and in the exercise of discretion, by (1) deleting the provision thereof granting the motion of the defendant Deutsche Bank National Trust Company pursuant to CPLR 5015(a)(1) to vacate a judgment of the same court entered September 26, 2017, upon its default in appearing or answering the complaint, and for leave to interpose a late answer, and substituting therefor a provision denying that motion, and (2) deleting the provision thereof denying that branch of the plaintiff's cross motion which was to cancel a notice of pendency filed against the subject property, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order, as amended, is affirmed, with costs to the plaintiff.
In November 2016, the plaintiff commenced this action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage allegedly held against certain real property in Brooklyn by the defendant Deutsche Bank National Trust Company (hereinafter Deutsche Bank). Although the action was initially filed in New York County, the plaintiff re-filed the action in Kings County on January 4, 2017. Deutsche Bank was thereafter served with the summons and complaint on January 12, 2017. Deutsche Bank failed to timely appear in the action or interpose an answer to the complaint.
In April 2017, the plaintiff moved pursuant to CPLR 3215 for leave to enter a default judgment against, among others, Deutsche Bank, upon its failure to timely appear or answer. The plaintiff's motion was granted, and a judgment was entered on September 26, 2017, upon the default of Deutsche Bank, cancelling and discharging of record the subject mortgage. Deutsche Bank moved pursuant to CPLR 5015(a)(1) to vacate the default judgment and for leave to interpose a late answer. Deutsche Bank also filed a notice of pendency against the subject property. The plaintiff cross-moved to cancel the notice of pendency and to impose sanctions against Deutsche Bank [*2]pursuant to 22 NYCRR 130-1.1. In the order appealed from, as amended, the Supreme Court granted Deutsche Bank's motion and denied the plaintiff's cross motion.
Generally, a defendant seeking to vacate a judgment or order entered on default must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (see CPLR 5015[a][1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141; FRT 2011-1 Trust v Duncan, 156 AD3d 867, 868). Here, in support of its motion, Deutsche Bank submitted an affidavit of a senior loan analyst employed by Ocwen Financial Corporation, whose indirect subsidiary was Ocwen Loan Servicing, LLC, the servicer of the subject mortgage. The affidavit, which indicated that the servicer did not refer this action to the law firm retained by Deutsche Bank "due to confusion regarding the multiple cases filed in multiple counties," was conclusory and unsubstantiated and, under the circumstances of this case, did not constitute a reasonable excuse for Deutsche Bank's default (see Glanz v Parkway Kosher Caterers, 176 AD3d 686, 688-689). The absence of a reasonable excuse for Deutsche Bank's default renders it unnecessary to determine whether it demonstrated the existence of a potentially meritorious defense to the action (see id. at 689; Clarke v Liberty Mut. Fire Ins. Co., 150 AD3d 1192, 1196).
Accordingly, the Supreme Court should have denied Deutsche Bank's motion pursuant to CPLR 5015(a)(1) to vacate the judgment entered September 26, 2017, and for leave to interpose a late answer, and granted that branch of the plaintiff's cross motion which was to cancel the notice of pendency filed against the subject property.
However, under the circumstances of this case, the Supreme Court providently exercised its discretion in declining to impose sanctions against Deutsche Bank pursuant to 22 NYCRR 130-1.1.
RIVERA, J.P., ROMAN, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court