Halvatzis v Perrone (2021 NY Slip Op 06165)





Halvatzis v Perrone


2021 NY Slip Op 06165


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
BETSY BARROS
PAUL WOOTEN, JJ.


2019-05907
 (Index No. 703632/18)

[*1]Anita Halvatzis, appellant,
v
Joseph Perrone , et al., respondents.


Jonathan Silver, Kew Gardens, NY, for appellant.
Forchelli Deegan Terrana LLP, Uniondale, NY (Peter Basil Skelos and Danielle B. Gatto of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for conversion and negligent infliction of emotional distress, the plaintiff appeals from an order of the Supreme Court, Queens County (Salvatore J. Modica, J.), entered April 15, 2019. The order, insofar as appealed from, denied the plaintiff's motion, in effect, to vacate so much of an order of the same court entered May 30, 2018, as granted that branch of the defendants' unopposed motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order entered April 15, 2019, is affirmed insofar as appealed from, with costs.
In 2016, the plaintiff commenced an action against the defendants (hereinafter the 2016 action), alleging, inter alia, causes of action sounding in conversion and intentional infliction of emotional distress. The complaint in the 2016 action was dismissed pursuant to CPLR 3211(a). In 2018, the plaintiff commenced this action against the defendants, alleging the same facts and theories of liability with the exception of replacing the cause of action alleging intentional infliction of emotional distress with a cause of action alleging negligent infliction of emotional distress. The cause of action alleging negligent infliction of emotional distress in this action was based upon the same factual allegations as those that supported the cause of action alleging intentional infliction of emotional distress in the 2016 action. In this action, the defendants moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint. The plaintiff failed to oppose the motion. In an order entered May 30, 2018, the Supreme Court, among other things, granted that branch of the defendants' unopposed motion which was to dismiss the complaint. Thereafter, the plaintiff moved, in effect, to vacate so much of the order entered May 30, 2018, as granted that branch of the defendants' motion which was to dismiss the complaint. In an order entered April 15, 2019, the court, inter alia, denied the plaintiff's motion. The plaintiff appeals.
To vacate her default in opposing the defendants' motion, inter alia, to dismiss the complaint, the plaintiff was required to demonstrate a reasonable excuse for her default and a potentially meritorious opposition to the motion (see CPLR 5015[a][1]; Nakollofski v Kingsway Props., LLC, 157 AD3d 960, 961). A motion to vacate a default is addressed to the sound discretion of the Supreme Court (see Ackerman v Berkowitz, 175 AD3d 641, 641).
"While law office failure can be accepted as a reasonable excuse in the exercise of a court's sound discretion, the movant must submit supporting facts to explain and justify the default, and mere neglect is not accepted as a reasonable excuse" (Ogunmoyin v 1515 Broadway Fee Owner, LLC, 85 AD3d 991, 992; see Nakollofski v Kingsway Props, LLC, 157 AD3d at 961). Here, the plaintiff's proffered excuse that her attorney did not recall receiving any motion papers is akin to a claim of law office failure. However, the excuse that counsel did not recall receiving the motion papers was vague and unsubstantiated, and did not constitute a reasonable excuse for the default (see Seaman v New York Univ., 175 AD3d 1578, 1579). Notwithstanding that the plaintiff's failure to provide a reasonable excuse for her default renders it unnecessary to consider whether she demonstrated a potentially meritorious opposition to the defendants' motion (see Insiders Success Ventures, LLC v Onewest Bank, FSB, 187 AD3d 866, 867), the plaintiff also failed to demonstrate a potentially meritorious opposition to the defendants' motion (see Nakollofski v Kingsway Props., LLC, 157 AD3d at 961).
Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion, in effect, to vacate so much of the order entered May 30, 2018, as granted that branch of the defendants' unopposed motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
AUSTIN, J.P., DUFFY, BARROS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court