Konstantakopoulos v Karakash (2020 NY Slip Op 03651)





Konstantakopoulos v Karakash


2020 NY Slip Op 03651


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SHERI S. ROMAN
JEFFREY A. COHEN, JJ.


2019-03413
 (Index No. 716027/17)

[*1]George Konstantakopoulos, et al., respondents,
v
Karine Karakash, et al., appellants.


Wisselman, Harounian & Associates, P.C., Great Neck, NY (Jordan E. Trager of counsel), for appellants.
Sipsas, P.C., Astoria, NY (John P. Sipsas of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for breach of contract and unjust enrichment, the defendants appeal from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered January 15, 2019. The order denied the defendants' motion, in effect, pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated November 7, 2018, granting the plaintiffs' unopposed motion for summary judgment on the complaint, and thereupon to deny that motion and restore the action to the calendar.
ORDERED that the order entered January 15, 2019, is affirmed, with costs.
In 2017, the plaintiffs commenced this action against the defendants to recover damages for breach of contract and unjust enrichment. In an order dated November 7, 2018, the Supreme Court granted the plaintiffs' unopposed motion for summary judgment on the complaint.
Thereafter, the defendants moved, in effect, pursuant to CPLR 5015(a)(1) to vacate the order dated November 7, 2018, granting the plaintiffs' unopposed motion, and thereupon to deny that motion and restore the action to the calendar. The Supreme Court denied the defendants' motion, and the defendants appeal.
A party seeking to vacate an order entered upon his or her failure to oppose a motion must demonstrate a reasonable excuse for the default and a potentially meritorious opposition to the motion (see CPLR 5015[a][1]; Finamore v David Ullman, P.C., 179 AD3d 642, 643; Ki Tae Kim v Bishop, 156 AD3d 776, 777; Flagstar Bank, FSB v Damaro, 145 AD3d 858, 859-860; Credit Bur. of N.Y., Inc. v Rapid Realty 95, Inc., 137 AD3d 841). "The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion, and the court has discretion to accept law office failure as a reasonable excuse (see CPLR 2005) where that claim is supported by a detailed and credible explanation of the default at issue" (Ki Tae Kim v Bishop, 156 AD3d at 777). At the same time, "mere neglect is not a reasonable excuse" (OneWest Bank, FSB v Singer, 153 AD3d 714, 716).
Here, the Supreme Court providently exercised its discretion in denying the defendants' motion, in effect, pursuant to CPLR 5015(a)(1) to vacate the order dated November 7, [*2]2018, granting the plaintiffs' unopposed motion for summary judgment on the complaint. The defendants' counsel's affirmation in support of the motion contained conclusory and unsubstantiated allegations of law office failure concerning an ill paralegal (see Ki Tae Kim v Bishop, 156 AD3d at 777; OneWest Bank, FSB v Singer, 153 AD3d at 716). No other evidence was submitted to corroborate the allegations. Thus, the defendants failed to demonstrate a reasonable excuse for their default (see Ki Tae Kim v Bishop, 156 AD3d at 777; OneWest Bank, FSB v Singer, 153 AD3d at 716). Since the defendants failed to demonstrate a reasonable excuse for their default, we need not reach the issue of whether they demonstrated a potentially meritorious opposition to the plaintiffs' motion for summary judgment (see Seaman v New York Univ., 175 AD3d 1578, 1579).
SCHEINKMAN, P.J., RIVERA, ROMAN and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court