Bank of Am., N.A. v Murjani (2021 NY Slip Op 05942)





Bank of Am., N.A. v Murjani


2021 NY Slip Op 05942


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
LARA J. GENOVESI, JJ.


2019-11027
2019-12161
 (Index No. 135774/15)

[*1]Bank of America, N.A., respondent, 
v
Jonathan Murjani, etc., et al., defendants, Irineo Hernandez, appellant.


John J. Caracciolo, East Northport, NY, for appellant.
Winston & Strawn, LLP, New York, NY (Heather Elizabeth Saydah of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Irineo Hernandez appeals from (1) an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated June 19, 2019, and (2) an order and judgment of foreclosure and sale (one paper) of the same court dated October 3, 2019. The order denied that defendant's motion pursuant to CPLR 5015(a) and in the interest of justice to vacate an order of the same court dated February 25, 2019, granting the plaintiff's unopposed motion, among other things, for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's answer and affirmative defenses, and for an order of reference. The order and judgment of foreclosure and sale, upon the orders dated February 25, 2019, and June 19, 2019, inter alia, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property.
ORDERED that the appeal from the order dated June 19, 2019, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order dated June 19, 2019, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
In July 2015, the plaintiff commenced this action against, among others, the defendant Irineo Hernandez (hereinafter the defendant), seeking to foreclose a mortgage on certain real property located in Staten Island. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer and affirmative defenses, and for an order of reference. The defendant failed to oppose the motion. In an order dated February [*2]25, 2019, the Supreme Court, among other things, granted those branches of the plaintiff's motion, and appointed a referee to ascertain and compute the amount due to the plaintiff.
In April 2019, the defendant moved pursuant to CPLR 5015(a) and in the interest of justice to vacate the February 25, 2019 order. The Supreme Court denied the motion in an order dated June 19, 2019. Thereafter, in an order and judgment of foreclosure and sale dated October 3, 2019, the court, among other things, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property. The defendant appeals.
A party seeking to vacate an order entered upon his or her failure to oppose a motion must demonstrate a reasonable excuse for the default and a potentially meritorious opposition to the motion (see Konstantakopoulos v Karakash, 185 AD3d 563, 563). "The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion, and the court has discretion to accept law office failure as a reasonable excuse (see CPLR 2005) where that claim is supported by a detailed and credible explanation of the default at issue" (Ki Tae Kim v Bishop, 156 AD3d 776, 777; see Konstantakopoulos v Karakash, 185 AD3d at 563-564). Significantly, "mere neglect is not a reasonable excuse" (OneWest Bank, FSB v Singer, 153 AD3d 714, 716; see Konstantakopoulos v Karakash, 185 AD3d at 564).
Here, the defendant's submissions in support of that branch of his motion which was pursuant to CPLR 5015(a)(1) to vacate his default essentially attributed the defendant's failure to oppose the plaintiff's motion for summary judgment to general confusion on the part of the defendant's previous counsel resulting from his busy legal practice, and thus failed to adequately establish a reasonable excuse for the default (see U.S. Bank, N.A. v Essaghof, 178 AD3d 876, 878; Ki Tae Kim v Bishop, 156 AD3d at 777; OneWest Bank, FSB v Singer, 153 AD3d at 716). Since the defendant failed to demonstrate a reasonable excuse for his default, it is unnecessary to consider whether he established a potentially meritorious opposition to the plaintiff's motion for summary judgment (see Matthews v Vivero, 189 AD3d 1389, 1390; Seaman v New York Univ., 175 AD3d 1578, 1580).
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court did not improvidently exercise its discretion in denying the defendant's motion to vacate the order dated February 25, 2019, entered upon his default in opposing the plaintiff's motion.
MASTRO, J.P., MILLER, CONNOLLY and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court