U.S. Bank, N.A. v Hossain (2021 NY Slip Op 07573)





U.S. Bank, N.A. v Hossain


2021 NY Slip Op 07573


Decided on December 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
JOSEPH A. ZAYAS, JJ.


2018-11992
 (Index No. 19750/10)

[*1]U.S. Bank, N.A., etc., appellant, 
v
Sharin A. Hossain, respondent, et al., defendants.


Friedman Vartolo, LLP, New York, NY (Ronald P. Labeck of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Jeremy S. Weinstein, J.), entered May 30, 2018. The order denied the plaintiff's motion to vacate an order of the same court entered November 21, 2017, which, among other things, sua sponte, directed dismissal of the complaint without prejudice, and to restore the action to the calendar.
ORDERED that the order entered May 30, 2018, is affirmed, without costs or disbursements.
The plaintiff commenced this action in 2010 to foreclose a mortgage on certain real property owned by the defendant Sharin A. Hossain (hereinafter the defendant). The defendant answered the complaint, raising various affirmative defenses. Settlement of the action was unsuccessful, and the Supreme Court denied the plaintiff's motion, inter alia, for summary judgment on the complaint, on the ground that the plaintiff had failed to comply with the provisions of CPLR 3408, relating to mandatory settlement conferences in residential foreclosure actions.
A status conference order entered March 16, 2017 (hereinafter the March 2017 order), directed the plaintiff, among other things, to file a foreclosure affirmation/certificate of merit pursuant to Administrative Order 208/13 and to move for an order of reference by July 17, 2017, and warned that "failure to comply with the terms of this order may be grounds for dismissal without prejudice." Despite appearing at subsequent status conferences, the plaintiff failed to file the foreclosure affirmation/certificate of merit pursuant to Administrative Order 208/13 or to move for an order of reference, as directed by the March 2017 order. In October 2017, a Court Attorney Referee (hereinafter the Referee) issued a report which found that the plaintiff had failed to comply with the March 2017 order without good cause and, therefore, recommended that the complaint be dismissed. In an order entered November 21, 2017 (hereinafter the 2017 order of dismissal), the Supreme Court, sua sponte, confirmed the Referee's report, directed dismissal of the complaint without prejudice, and directed the cancellation and discharge of all notices of pendency filed in the action. In March 2018, the plaintiff moved to vacate the 2017 order of dismissal and to restore the action to the calendar. The defendant opposed the motion. In an order entered May 30, 2018, the court denied the motion. The plaintiff appeals.
CPLR 5015(a)(1) authorizes a court to relieve a party from an order or judgment, on motion, upon the ground of "excusable default" (see Deutsche Bank Natl. Trust Co. v Morales, 170 [*2]AD3d 803, 804). Here, the plaintiff failed to assert a reasonable excuse for its failure to comply with the March 2017 order, or any other basis pursuant to CPLR 5015(a) for vacatur of the 2017 order of dismissal (see U.S. Bank N.A. v Mitchell, 191 AD3d 731, 732; Deutsche Bank Natl. Trust Co. v Morales, 170 AD3d at 804; HSBC Bank USA v Josephs-Byrd, 148 AD3d 788, 790). Accordingly, the Supreme Court properly denied the plaintiff's motion to vacate the 2017 order of dismissal and to restore the action to the calendar.
The plaintiff's remaining contention is without merit.
HINDS-RADIX, J.P., BRATHWAITE NELSON, IANNACCI and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court