Deutsche Bank Trust Co. Ams. v Hwa Joong Yoon (2022 NY Slip Op 02530)

Deutsche Bank Trust Co. Ams. v Hwa Joong Yoon

2022 NY Slip Op 02530

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
JOSEPH A. ZAYAS, JJ.

2019-10161
 (Index No. 17094/10)

[*1]Deutsche Bank Trust Company Americas, etc., appellant, 
v
Hwa Joong Yoon, et al., defendants.

LOGS Legal Group, LLP, Rochester, NY (Virginia C. Grapensteter of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered October 16, 2018. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were pursuant to CPLR 5015(a)(1) to vacate an order of the same court (Martin J. Schulman, J.), dated March 23, 2016, among other things, sua sponte, directing dismissal of the complaint without prejudice, and to restore the action to the active calendar.
ORDERED that the order entered October 16, 2018, is affirmed insofar as appealed from, without costs or disbursements.
In 2010, the plaintiff commenced this action to foreclose a mortgage on certain real property located in Queens. By order entered February 4, 2014 (hereinafter the 2014 order), the Supreme Court granted the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint and for an order of reference, and directed the plaintiff to "Submit Order." On or about March 11, 2016, the plaintiff filed and served a notice of settlement and proposed order. By order dated March 23, 2016, the court, among other things, sua sponte, directed dismissal of the complaint without prejudice.
By notice of motion dated June 21, 2018, the plaintiff moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate the order dated March 23, 2016, and to restore the action to the active calendar. By order entered October 16, 2018, the Supreme Court denied those branches of the plaintiff's motion. The plaintiff appeals.
CPLR 5015(a)(1) authorizes a court to relieve a party from an order or judgment, on motion, upon the ground of "excusable default" (see U.S. Bank, N.A. v Hossain, 200 AD3d 1094; Deutsche Bank Natl. Trust Co. v Morales, 170 AD3d 803, 804). "The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion, and the court has discretion to accept law office failure as a reasonable excuse (see CPLR 2005) where that claim is supported by a detailed and credible explanation of the default at issue" (Ki Tae Kim v Bishop, 156 AD3d 776, 777; see Konstantakopoulos v Karakash, 185 AD3d 563, 563-564). "In making that discretionary determination, the court should consider relevant factors, such as the extent of the delay, prejudice or lack of prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Hamilton v New York Hosp. [*2]Queens, 183 AD3d 621, 622; see Lyubomirsky v Lubov Arulin, PLLC, 125 AD3d 614). "[M]ere neglect is not a reasonable excuse" (OneWest Bank, FSB v Singer, 153 AD3d 714, 716; see Konstantakopoulos v Karakash 185 AD3d at 564).
Here, contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in determining that the plaintiff failed to proffer a reasonable excuse for its default. The plaintiff's explanation for its delay of more than two years in serving and filing the notice of settlement and proposed order, as directed by the 2014 order, was vague and unsubstantiated and, thus, did not constitute a reasonable excuse (see U.S. Bank, N.A. v Blagman, 188 AD3d 1284; Taylor Appraisals v Prokop, 99 AD3d 985; Ogunmoyin v 1515 Broadway Fee Owner, LLC, 85 AD3d 991, 992). Since the plaintiff failed to proffer a reasonable excuse for its default, we need not reach the issue of whether it had a potentially meritorious cause of action (see 1200 Bedford Ave., LLC v Grace Baptist Church, 199 AD3d 971; U.S. Bank N.A. v Moster, 196 AD3d 663, 665).
The plaintiff's remaining contention is without merit.
BRATHWAITE NELSON, J.P., CHAMBERS, ROMAN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court