OneWest Bank, FSB v Filimon (2022 NY Slip Op 03395)





OneWest Bank, FSB v Filimon


2022 NY Slip Op 03395


Decided on May 25, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 25, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
SHERI S. ROMAN
LARA J. GENOVESI, JJ.


2019-00477
 (Index No. 34938/09)

[*1]OneWest Bank, FSB, appellant,
v
Rodica Filimon, et al., respondents.


McCabe, Weisberg & Conway, LLC, Melville, NY (Edward Rugino of counsel), for appellant.
Mavrides, Moyal, Packman & Sadkin, LLP, Lake Success, NY (Douglas Moyal of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Bernice D. Siegal, J.), dated July 19, 2018. The order denied the plaintiff's motion to vacate an order of the same court dated March 16, 2016, which, among other things, sua sponte, in effect, directed dismissal of the complaint without prejudice, and, upon vacatur of the order dated March 16, 2016, for a judgment of foreclosure and sale.
ORDERED that the order dated July 19, 2018, is affirmed, with costs.
In 2009, the plaintiff commenced this action to foreclose a mortgage on certain real property owned by the defendants. In April 2013, the Supreme Court granted the plaintiff's motion for summary judgment on the complaint and an order of reference. In a notice dated November 12, 2015, the court notified the plaintiff that a status conference was scheduled for January 20, 2016, and directed the plaintiff to move for a judgment of foreclosure and sale before the January 20, 2016 conference date. A status conference order dated January 20, 2016 (hereinafter the January 2016 order), directed the plaintiff to move for a judgment of foreclosure and sale by February 17, 2016, the date of the final status conference, and warned that "failure to comply with the terms of this order may result in the dismissal of this action without prejudice." The plaintiff failed to follow the court's directive, and in an order dated March 16, 2016 (hereinafter the 2016 order of dismissal), the court, in effect, directed dismissal of the complaint without prejudice, specifically citing the plaintiff's failure to comply with the terms of the January 2016 order. In October 2017, the plaintiff moved to vacate the 2016 order of dismissal and, upon vacatur of that order, for a judgment of foreclosure and sale. The defendants opposed the motion. In an order dated July 19, 2018, the court denied the plaintiff's motion. The plaintiff appeals.
CPLR 5015(a)(1) authorizes a court to relieve a party from an order or judgment, on motion, upon the ground of "excusable default" (see U.S. Bank, N.A. v Hossain, 200 AD3d 1094; Deutsche Bank Natl. Trust Co. v Morales, 170 AD3d 803, 804). Here, the plaintiff failed to assert a reasonable excuse for its failure to comply with the January 2016 order, or any other basis pursuant to CPLR 5015(a) for vacatur of the 2016 order of dismissal (see U.S. Bank, N.A. v Hossain, 200 AD3d at 1094; U.S. Bank N.A. v Mitchell, 191 AD3d 731, 732; Deutsche Bank Natl. Trust Co. v [*2]Morales, 170 AD3d at 804). Accordingly, the Supreme Court properly denied the plaintiff's motion, inter alia, to vacate the 2016 order of dismissal.
We have not considered the plaintiff's arguments improperly raised for the first time in reply papers and which were not addressed by the Supreme Court (see Lopez v Bell Sports, Inc., 175 AD3d 1524, 1526; Unger v Coyle, 144 AD3d 668).
LASALLE, P.J., DILLON, ROMAN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court