Deutsche Bank Natl. Trust Co. v Lalicata (2022 NY Slip Op 05077)

Deutsche Bank Natl. Trust Co. v Lalicata

2022 NY Slip Op 05077

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2019-11550
 (Index No. 704113/13)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
v
Mario Lalicata, respondent, et al., defendants.

McCabe, Weisberg & Conway, LLC, Melville, NY (Kenneth Britt of counsel), for appellant.
New York Legal Assistance Group, New York, NY (Beth E. Goldman of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered March 26, 2019. The order denied the plaintiff's motion pursuant to CPLR 5015(a)(1) to vacate an order of the same court (Martin J. Schulman, J.) dated October 25, 2017, which, among other things, sua sponte, directed dismissal of the complaint without prejudice and, upon vacatur of the order dated October 25, 2017, for a judgment of foreclosure and sale.
ORDERED that the order entered March 26, 2019, is affirmed, with costs.
In 2013, the plaintiff commenced this action to foreclose a mortgage on certain real property owned by the defendant Mario Lalicata (hereinafter the defendant). In May 2017, the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint as to the defendant, among others, for leave to enter a default judgment against nonappearing and nonanswering defendants, and for an order of reference. A status conference order dated August 9, 2017 (hereinafter the August 2017 order) directed the plaintiff to move for a judgment of foreclosure and sale by October 25, 2017, the date of the final status conference, and warned that "failure to comply with the terms of this order may result in the dismissal of this action without prejudice." The plaintiff failed to follow the court's directive, and in an order dated October 25, 2017 (hereinafter the October 2017 order of dismissal), the court, among other things, directed dismissal of the complaint without prejudice, specifically citing the plaintiff's failure to comply with the terms of the August 2017 order.
In December 2018, the plaintiff moved pursuant to CPLR 5015(a)(1) to vacate the October 2017 order of dismissal and, upon vacatur of that order, for a judgment of foreclosure and sale. With respect to that branch of its motion which was to vacate the October 2017 order of dismissal, the plaintiff contended that it had demonstrated a reasonable excuse for its failure to comply with the deadline set forth in the August 2017 order based on a purported Consumer Financial Protection Bureau loss mitigation hold, which had been placed on the defendant's account on October 11, 2017, and that it had a meritorious cause of action. The defendant opposed the [*2]plaintiff's motion. In an order entered March 26, 2019, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
CPLR 5015(a)(1) authorizes a court to relieve a party from an order or judgment, on motion, upon the ground of "excusable default" (see OneWest Bank, FSB v Filimon, 205 AD3d 1041; U.S. Bank, N.A. v Hossain, 200 AD3d 1094, 1095; Deutsche Bank Natl. Trust Co. v Morales, 170 AD3d 803, 804). Here, the plaintiff failed to demonstrate a reasonable excuse for its failure to comply with the August 2017 order (see OneWest Bank, FSB v Filimon, 205 AD3d at 1042; U.S. Bank, N.A. v Hossain, 200 AD3d at 1095; see also Deutsche Bank Natl. Trust Co. v Bakarey, 198 AD3d 718, 722; Federal Natl. Mtge. Assn. v Dauphin, 195 AD3d 696, 697; U.S. Bank N.A. v Penate, 176 AD3d 758, 760). Since the plaintiff failed to proffer a reasonable excuse for its default, we need not reach the issue of whether it had a potentially meritorious cause of action (see Deutsche Bank Trust Co. Ams. v Hwa Joong Yoon, 204 AD3d 885, 887).
In light of our determination, we need not reach the plaintiff's remaining contention.
CONNOLLY, J.P., ROMAN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court