Citibank, N.A. v Vela (2022 NY Slip Op 05831)

Citibank, N.A. v Vela

2022 NY Slip Op 05831

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2019-12104
 (Index No. 701238/15)

[*1]Citibank, N.A., etc., respondent, 
v
Joseph Vela, appellant, et al., defendants.

Petroff Amshen, LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
Kosterich & Skeete, LLC, Tuckahoe, NY (Denise Singh Skeete of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Joseph Vela appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered September 16, 2019. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated September 20, 2016, granting the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint, and a judgment of foreclosure and sale of the same court entered September 4, 2018, issued upon that defendant's default in opposing the plaintiff's motion, inter alia, for summary judgment on the complaint and the plaintiff's motion, among other things, for a judgment of foreclosure and sale.
ORDERED that the order entered September 16, 2019, is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendant Joseph Vela, among others, to foreclose a mortgage encumbering certain real property located in Queens. In an order dated September 20, 2016, the Supreme Court granted the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint. On August 17, 2017, a referee issued a report, and in an order dated December 7, 2017, the court granted the plaintiff's unopposed motion to confirm the referee's report and for a judgment of foreclosure and sale. A judgment of foreclosure and sale was entered on September 4, 2018. In an order entered September 16, 2019, the court, inter alia, denied those branches of Vela's motion which were pursuant to CPLR 5015(a)(1) to vacate the order dated September 20, 2016, and the judgment of foreclosure and sale. Vela appeals.
CPLR 5015(a)(1) permits a court to relieve a party from an order or judgment on the ground of "excusable default" (see Deutsche Bank Trust Co. Ams. v Yoon, 204 AD3d 885). Here, contrary to Vela's contention, the Supreme Court providently exercised its discretion in determining that Vela's excuse of law office failure did not constitute a reasonable excuse for his failure to oppose the plaintiff's motions (see Halvatzis v Perrone, 199 AD3d 788; Wilmington Sav. Fund Socy, FSB v Rodriguez, 197 AD3d 784; U.S. Bank N.A. v Adolphe, 170 AD3d 1236; LaSalle Bank, N.A. v LoRusso, 155 AD3d 706). Since Vela failed to demonstrate a reasonable excuse for his default in opposing the plaintiff's motions, we need not reach the issue of whether Vela demonstrated a [*2]potentially meritorious opposition to the motions (see Wells Fargo Bank, N.A. v Echevarria, 204 AD3d 955).
CONNOLLY, J.P., RIVERA, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court