Gellert v Shannon (2023 NY Slip Op 01985)

Gellert v Shannon

2023 NY Slip Op 01985

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

2020-05897
 (Index No. 55246/19)

[*1]Arthur L. Gellert, appellant, 
v
Michael B. Shannon, etc., respondent, et al., defendants.

Hasapidis Law Offices, South Salem, NY (Annette G. Hasapidis of counsel), for appellant.
Dorf & Nelson LLP, Rye, NY (Stephanie K. McDougall of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated May 27, 2020. The order, insofar as appealed from, denied the plaintiff's motion, in effect, pursuant to CPLR 5015(a)(1) to vacate so much of an order of the same court dated January 15, 2020, as granted the unopposed motion of the defendant Michael B. Shannon pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him.
ORDERED that the order dated May 27, 2020, is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action, inter alia, to recover damages for medical malpractice against the defendant Michael B. Shannon (hereinafter the defendant), among others. The defendant moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, and the plaintiff failed to oppose the motion. By order dated January 15, 2020, the Supreme Court, among other things, granted the defendant's motion.
Thereafter, the plaintiff made a motion, denominated as one for leave to renew. The Supreme Court treated the motion as one, in effect, to vacate so much of the January 15, 2020 order as was entered upon the plaintiff's default in opposing the defendant's motion and, in an order dated May 27, 2020, inter alia, denied the motion. The plaintiff appeals, and we affirm.
The proper vehicle for the plaintiff to challenge so much of the January 15, 2020 order as granted the defendant's unopposed motion was a motion to vacate the portion of the order entered upon the plaintiff's default in opposing the motion pursuant to CPLR 5015(a)(1), and not a motion for renewal pursuant to CPLR 2221 (see Hutchinson Burger, Inc. v Bradshaw, 149 AD3d 545; Country Wide Home Loans, Inc. v Dunia, 138 AD3d 533). In any event, even if the plaintiff's motion is treated as a motion, in effect, to vacate that portion of the order, as the Supreme Court treated it, the motion was properly denied.
A party seeking to vacate an order or judgment entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially [*2]meritorious opposition to the motion (see CPLR 5015[a][1]; Wilmington Sav. Fund Socy., FSB v Helal, 211 AD3d 991). A motion to vacate a default is addressed to the sound discretion of the court (see Logan v 250 Pac., LLC, 210 AD3d 1064; Follors v TI Ozone Park Stor., LLC, 209 AD3d 843, 844). Although a court has the discretion to accept law office failure as a reasonable excuse for a party's default (see CPLR 2005), such defaults should not be routinely excused, and mere neglect is not a reasonable excuse (see Wilmington Sav. Fund Socy., FSB v Helal, 211 AD3d 991; Delucia v Mar Lbr. Co., Inc., 210 AD3d 636; Yaghmour v Mittal, 208 AD3d 1283, 1287).
Here, the Supreme Court providently exercised its discretion in determining that the plaintiff's claim of law office failure did not constitute a reasonable excuse for his default in opposing the defendant's motion (see Wilmington Sav. Fund Socy., FSB v Helal, 211 AD3d 991). Since the plaintiff failed to demonstrate a reasonable excuse for his default, we need not consider whether he offered a potentially meritorious opposition to the defendant's motion (see id.; Wells Fargo Bank, N.A. v Plaut, 206 AD3d 953, 955; Bank of Am., N.A. v Murjani, 199 AD3d 630, 631). Thus, the court properly denied the plaintiff's motion, in effect, pursuant to CPLR 5015(a)(1) to vacate so much of the January 15, 2020 order as granted the defendant's unopposed motion.
RIVERA, J.P., MALTESE, WARHIT and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court