Ditech Fin., LLC v Roldan (2024 NY Slip Op 05328)

Ditech Fin., LLC v Roldan

2024 NY Slip Op 05328

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2021-08672
 (Index No. 609981/16)

[*1]Ditech Financial, LLC, etc., appellant, 
v
Mario Roldan, respondent, et al., defendants.

Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Louis A. Levithan and Heino Muller of counsel), for appellant.
Christopher Thompson, West Islip, NY (McKinley Law, P.C. [Shannon C. McKinley], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Derrick J. Robinson, J.), dated October 25, 2021. The order granted the motion of the defendant Mario Roldan, in effect, pursuant to CPLR 3211(a)(8) and 306-b to dismiss the complaint insofar as asserted against him.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Mario Roldan, in effect, pursuant to CPLR 3211(a)(8) and 306-b to dismiss the complaint insofar as asserted against him is denied.
In July 2016, the plaintiff commenced this action to foreclose a mortgage against the defendant Mario Roldan (hereinafter the defendant), among others. On March 13, 2017, the defendant moved, in effect, pursuant to CPLR 3211(a)(8) and 306-b to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. On the same day, the defendant filed a notice of appearance and request for service demanding that the plaintiff serve all papers upon his attorney at his attorney's office address. On May 23, 2017, according to an affidavit of service, a process server for the plaintiff served the summons and complaint upon the defendant's attorney at the address indicated on the notice of appearance. Shortly thereafter, the plaintiff cross-moved pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant. Without deciding the merits of the defendant's motion, the Supreme Court later rejected the defendant's motion papers based on a technical deficiency.
On July 27, 2017, the defendant again moved, in effect, pursuant to CPLR 3211(a)(8) and 306-b to dismiss the complaint insofar as asserted against him. In an order dated November 27, 2017, the Supreme Court denied the defendant's motion and granted the plaintiff's cross-motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant, extending the time for service by 120 days from the date of the order.
On June 19, 2019, the defendant again moved, in effect, pursuant to CPLR 3211(a)(8) [*2]and 306-b to dismiss the complaint insofar as asserted against him. In opposition, the plaintiff relied upon the above-described affidavit of service. In an order dated October 25, 2021, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"Generally, service of a summons and complaint must be made within 120 days after the commencement of the action" (Bhatara v Kolaj, 222 AD3d 926, 930; see CPLR 306-b). "If service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service" (CPLR 306-b; see Wells Fargo Bank, N.A. v Fameux, 201 AD3d 1012, 1014).
Here, the parties do not dispute that the plaintiff failed to serve the defendant within the initial 120 days after the commencement of this action. Although the defendant's notice of appearance, which was filed simultaneously with the defendant's first motion papers seeking dismissal for lack of personal jurisdiction, did not constitute a waiver of the defendant's objection to personal jurisdiction (see Deutsche Bank Natl. Trust Co. v Vu, 167 AD3d 844, 846), the notice of appearance explicitly consented to service on the defendant's attorney at an office address. Thereafter, as indicated by the plaintiff's uncontested affidavit of service, the defendant, via his attorney, was served with the summons and complaint. The plaintiff was also later granted an extension of time to effectuate service pursuant to CPLR 306-b, through approximately the end of March 2018. Under the circumstances of this case, it is not relevant that the order granting the plaintiff that extension of time was issued after the time the plaintiff served the defendant. Furthermore, the defendant failed to rebut the presumption of proper service established by the plaintiff's affidavit of service, which was included in the plaintiff's opposition papers to the defendant's motion (see HSBC Bank USA, N.A. v Oqlah, 163 AD3d 928, 930; HSBC Bank USA, N.A. v Whitter, 159 AD3d 942, 945).
Accordingly, the Supreme Court should have denied the defendant's motion, in effect, pursuant to CPLR 3211(a)(8) and 306-b to dismiss the complaint insofar as asserted against him.
The defendant's remaining contention is not properly before this Court (see e.g. OneWest Bank, FSB v Filimon, 205 AD3d 1041, 1042; Lopez v Bell Sports, Inc., 175 AD3d 1524, 1526).
LASALLE, P.J., CHAMBERS, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court