CitiMortgage, Inc. v Ramlal (2025 NY Slip Op 03037)

CitiMortgage, Inc. v Ramlal

2025 NY Slip Op 03037

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2021-09409
 (Index No. 4841/15)

[*1]CitiMortgage, Inc., respondent, 
v
Richard Ramlal, et al., appellants, et al., defendants.

Villanti Law Group, PLLC, Brooklyn, NY (Christopher Villanti of counsel), for appellants.
David A. Gallo & Associates, LLP, Manhasset, NY (Robyn E. Goldstein and Robert M. Link of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Richard Ramlal and Lois Ramlal appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated December 15, 2021. The order denied those defendants' motion, inter alia, pursuant to CPLR 5015(a)(1) to vacate (1) so much of an order of the same court (Noach Dear, J.) dated January 3, 2017, as granted those branches of the plaintiff's unopposed motion which were for summary judgment on the complaint insofar as asserted against those defendants and for an order of reference, and (2) an order and judgment of foreclosure and sale (one paper) of the same court (Noach Dear, J.) dated February 28, 2018, granting the plaintiff's unopposed motion, inter alia, for a judgment of foreclosure and sale and directing the sale of the subject property.
ORDERED that the order dated December 15, 2021, is affirmed, with costs.
In April 2015, the plaintiff commenced this action against the defendants Richard Ramlal and Lois Ramlal (hereinafter together the defendants), among others, to foreclose a mortgage on certain property located in Brooklyn. The defendants interposed an answer dated May 1, 2015.
In September 2016, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. The defendants failed to oppose the motion. In an order dated January 3, 2017, the Supreme Court, among other things, granted those branches of the plaintiff's unopposed motion.
In August 2017, the plaintiff moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. The defendants failed to oppose that motion as well. In an order and judgment of foreclosure and sale dated February 28, 2018, the Supreme Court granted that unopposed motion and directed the sale of the property. Thereafter, the referee scheduled a foreclosure sale on three occasions. Each sale was canceled after one of the defendants filed for bankruptcy.
In September 2021, the defendants moved, among other things, pursuant to CPLR 5015(a)(1) to vacate so much of the order dated January 3, 2017, as granted those branches of the plaintiff's unopposed motion which were for summary judgment on the complaint insofar as asserted against them and for an order of reference, and the order and judgment of foreclosure and sale. In an order dated December 15, 2021, the Supreme Court denied the defendants' motion. The defendants appeal.
A party seeking to vacate an order or judgment entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see id.; Gellert v Shannon, 215 AD3d 805, 806; Wilmington Sav. Fund Socy., FSB v Helal, 211 AD3d 991, 993). A motion to vacate a default is addressed to the sound discretion of the court (see Gellert v Shannon, 215 AD3d at 806; Logan v 250 Pac., LLC, 210 AD3d 1064, 1066). The court has discretion to accept law office failure as a reasonable excuse (see CPLR 2005) where the claim is supported by a detailed and credible explanation of the default (see Bambrick v City of New York, 207 AD3d 610, 612; Campbell v TPK Heating, Ltd., 181 AD3d 642, 642). A claim of law office failure should be rejected where it is "conclusory and unsubstantiated or lacking in credibility" (Campbell v TPK Heating, Ltd., 181 AD3d at 643).
Here, the defendants' conclusory and unsubstantiated allegations that their attorney failed to advise them of the plaintiff's motions and failed to oppose the motions were insufficient to amount to a reasonable excuse for their defaults in opposing the motions (see Wells Fargo Bank, N.A. v Eliacin, 206 AD3d 950, 952; Wilmington Sav. Fund Socy., FSB v Rodriguez, 197 AD3d 784, 786; Vizelter v Strogov, 170 AD3d 917, 918-919). Since the defendants failed to demonstrate a reasonable excuse for failing to oppose the plaintiff's motions, this Court need not consider whether the defendants demonstrated a potentially meritorious opposition to those motions (see Gellert v Shannon, 215 AD3d at 807).
The parties' remaining contentions either are without merit or need not be reached in light of the foregoing.
Accordingly, the Supreme Court properly denied the defendants' motion, inter alia, pursuant to CPLR 5015(a)(1) to vacate so much of the order dated January 3, 2017, as granted those branches of the plaintiff's unopposed motion which were for summary judgment on the complaint insofar as asserted against them and for an order of reference, and the order and judgment of foreclosure and sale.
DILLON, J.P., DOWLING, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court