Ackerson Bldrs., LLC v Corbett (2026 NY Slip Op 00111)

Ackerson Bldrs., LLC v Corbett

2026 NY Slip Op 00111

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2021-06313
 (Index No. 607253/20)

[*1]Ackerson Builders, LLC, appellant,
vJames R. Corbett, Jr., etc., respondent.

John M. Stravato, Bethpage, NY, for appellant.
Mazzola Lindstrom, LLP, New York, NY (Richard E. Lerner of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and to foreclose a lien, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Carmen Victoria St. George, J.), dated August 2, 2021. The order denied the plaintiff's motion for leave to renew and reargue with respect to so much of an order of the same court dated March 23, 2021, as granted the defendant's unopposed cross-motion pursuant to CPLR 3211(a)(7) and 3015 to dismiss the complaint, and to vacate so much of the order dated March 23, 2021, as granted the defendant's cross-motion.
ORDERED that the appeal from so much of the order dated August 2, 2021, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated August 2, 2021, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiff commenced this action, inter alia, to recover damages for breach of contract and to foreclose a lien. The plaintiff moved for leave to enter a default judgment, and the defendant opposed the motion and cross-moved pursuant to CPLR 3211(a)(7) and 3015 to dismiss the complaint. The plaintiff failed to oppose the cross-motion. In an order dated March 23, 2021, the Supreme Court, among other things, granted the defendant's cross-motion, directed dismissal of the complaint, and denied the plaintiff's motion as academic.
On April 22, 2021,the plaintiff moved for leave to renew and reargue with respect to so much of the order dated March 23, 2021, as granted the defendant's cross-motion, and to vacate so much of that order as granted the defendant's cross-motion. The defendant opposed the motion. In an order dated August 2, 2021, the Supreme Court denied the plaintiff's motion. The court, inter alia, determined that the plaintiff's counsel's "bare, unsubstantiated, vague claim of law office failure" in support of the motion did not constitute a reasonable excuse for its default in opposing the cross-motion. The plaintiff appeals.
"A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion" (Ki Tae Kim v Bishop, 156 AD3d 776, 777; see CPLR 5015[a][1]; Gerontianos v Rodgers, 206 AD3d 973, 973).
A court in its discretion may accept a detailed and credible explanation of law office failure as a reasonable excuse in support of a motion pursuant to CPLR 5015(a)(1) to vacate an order entered upon a default in opposing a motion (see Bank of Am., N.A. v Murjani, 199 AD3d 630, 631; Seegopaul v MTA Bus Co., 210 AD3d 715, 716; see also CPLR 2005).
Here, the plaintiff failed to address on appeal the Supreme Court's determination that the plaintiff proffered only a vague and unsubstantiated excuse of law office failure for its default in opposing the defendant's cross-motion and that such an excuse did not satisfy the requirements of CPLR 5015(a)(1). As there is no basis to disturb the court's determination in this regard, it is not necessary to reach the issue of whether the plaintiff proffered a potentially meritorious opposition to the defendant's cross-motion (see Ditech Fin., LLC v Rizzo, 175 AD3d 1243, 1245).
The plaintiff's remaining contentions are without merit.
CONNOLLY, J.P., CHAMBERS, WOOTEN and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court