Black v Taub (2026 NY Slip Op 01177)

Black v Taub

2026 NY Slip Op 01177

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2024-06143
2024-06656
 (Index No. 6147/22)

[*1]Shauna Black, appellant, 
vAbraham Taub, etc., et al., defendants, Steven Piriano, etc., respondent.

The New York Injury and Malpractice Law Firm, P.C. (John H. Fisher and Powers & Santola, LLP, Albany, NY [Michael J. Hutter, Jr.], of counsel), for appellant.
Vouté, Lohrfink, McAndrew & Meisner, LLP, White Plains, NY (Michael N. Romano of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Orange County (David S. Zuckerman, J.), dated February 29, 2024, and (2) a judgment of the same court entered April 23, 2024. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated January 8, 2024, granting that branch of the unopposed motion of the defendant Steven Piriano which was for summary judgment dismissing the complaint insofar as asserted against him. The judgment, upon the order dated February 29, 2024, is in favor of the defendant Steven Piriano and against the plaintiff dismissing the complaint insofar as asserted against that defendant.
ORDERED that the appeal from the order dated February 29, 2024, is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Steven Piriano.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In February 2021, the plaintiff presented to a hospital emergency room with complaints of abdominal pain, and a CT scan revealed a "[m]ild anterior mediastinal soft tissue density." The plaintiff subsequently was diagnosed with stage four thymoma cancer. In October 2022, the plaintiff commenced this action to recover damages for medical malpractice against, among others, the defendant Steven Piriano (hereinafter the defendant), the emergency medicine physician who saw and attended to the plaintiff upon her admittance to the emergency room. The plaintiff alleged, inter alia, that the defendant failed to properly recognize and assess the mild [*2]anterior mediastinal soft tissue density in the emergency department. The defendant moved, among other things, for summary judgment dismissing the complaint insofar as asserted against him. In support of his motion, the defendant submitted, among other things, an affirmation from an expert in emergency medicine, who addressed the allegations in the plaintiff's bills of particulars and opined that the defendant properly appreciated, documented, and relayed the finding of a mediastinal soft tissue density, inter alia, by discussing the CT scan findings with the reporting radiologist and referring the plaintiff to "both inpatient Hospitalist/Pulmonology, and outpatient primary care." The expert concluded that the defendant acted in accordance with accepted medical practice in his care and treatment of the plaintiff and that his care and treatment of the plaintiff did not proximately cause her alleged injuries.
In an order dated January 8, 2024, the Supreme Court granted that branch of the defendant's unopposed motion which was for summary judgment dismissing the complaint insofar as asserted against him. Thereafter, the plaintiff moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate the January 8, 2024 order. In an order dated February 29, 2024, the court, among other things, denied that branch of the plaintiff's motion. On April 23, 2024, a judgment was entered, upon the order dated February 29, 2024, in favor of the defendant and against the plaintiff dismissing the complaint insofar as asserted against the defendant. The plaintiff appeals.
"A party seeking to vacate an order or judgment entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion" (Gellert v Shannon, 215 AD3d 805, 806; see CPLR 5015[a][1]; Schenk v Staten Is. Univ. Hosp., 108 AD3d 661, 662). "[A] court has discretion to accept law office failure as a reasonable excuse (see CPLR 2005) where that claim is supported by a detailed and credible explanation of the default at issue" (Bank of Am., N.A. v Murjani, 199 AD3d 630, 631 [internal quotation marks omitted]; see Charles v Nouveau El. Indus., Inc., 228 AD3d 612, 613). Here, the plaintiff provided a reasonable excuse for her failure to submit a timely opposition to the defendant's motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against him. Moreover, on appeal, the defendant does not contest the Supreme Court's determination that the plaintiff established a reasonable excuse for her default in opposing that motion (see Charles v Nouveau El. Indus., Inc., 228 AD3d at 613-614).
However, the Supreme Court properly determined that the plaintiff failed to demonstrate a potentially meritorious opposition to that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against him. In support of her motion, inter alia, pursuant to CPLR 5015(a)(1) to vacate the order dated January 8, 2024, the plaintiff failed to submit an affirmation from a medical expert to rebut the opinion of the defendant's medical expert and demonstrate a potentially meritorious opposition to that branch of the defendant's motion (see Percival v Northwell Health Sys., 173 AD3d 916, 918; Gilmore v Garvey, 31 AD3d 381, 382).
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was pursuant to CPLR 5015(a)(1) to vacate the order dated January 8, 2024.
BARROS, J.P., WARHIT, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court