■ YEHUDA DEUTSCH, as Administrator of the Estate of JESIE DEUTSCH, Deceased, Respondent, v CHESKEL GRUNWALD et al., Appellants. [28 NYS3d 630]—

In an action, inter alia, to impose a constructive trust, the defendants appeal from an order of the Supreme Court, Kings County (Jacobson, J.), dated December 22, 2015, which granted the plaintiff's motion to extend the notice of pendency and denied their cross motion to vacate the notice of pendency.

Ordered that the order is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof granting the plaintiff's motion to extend the notice of pendency, and substituting therefor a provision denying the motion, and (2) by adding to the provision thereof denying the defendants' cross motion to vacate the notice of pendency the words "as academic"; as so modified, the order is affirmed, with costs to the defendants.

In 2006, the plaintiff commenced this action, inter alia, to impose a constructive trust. After several delays and two extensions of the notice of pendency, in November 2015, the plaintiff moved to extend the notice of pendency a third time. The defendants opposed the motion and cross-moved to vacate the notice of pendency. The Supreme Court granted the plaintiff's motion and denied the defendants' cross motion. We modify.

"A notice of pendency is valid for three years from the date of filing and may be extended for additional three-year periods upon a showing of good cause" (*Petervary v Bubnis*, 30 AD3d 498, 499 [2006]; *see* CPLR 6513; *Matter of Sakow*, 97 NY2d 436, 442 [2002]). Here, the plaintiff failed to establish good cause. In this regard, the plaintiff failed to sufficiently explain the period of inactivity of more than one year prior to the filing of his motion to extend the notice of pendency. Under these circumstances, the Supreme Court should have denied the plaintiff's motion (*see Petervary v Bubnis*, 30 AD3d at 499; *Hall v Piazza*, 260 AD2d 350 [1999]).

In light of the foregoing, the defendants' cross motion to vacate the notice of pendency should have been denied as academic, as the notice of pendency had expired and was a nullity (*see Matter of Sakow*, 97 NY2d at 442). Mastro, J.P., Dickerson, Hall and Sgroi, JJ., concur.