Wells Fargo Bank, N.A. v Yesmin (2020 NY Slip Op 05257)





Wells Fargo Bank, N.A. v Yesmin


2020 NY Slip Op 05257


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-05666
 (Index No. 21406/09)

[*1]Wells Fargo Bank, N.A., etc., respondent,
v
Hasina Yesmin, appellant, et al., defendants.


Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
Shapiro, DiCaro & Barak, LLC, Rochester, NY (Austin T. Shufelt and Alex Cameron of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Hasina Yesmin appeals from a judgment of foreclosure and sale of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered February 21, 2017. The judgment of foreclosure and sale, upon an order of the same court entered October 3, 2016, granting the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, inter alia, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale are denied, and the order entered October 3, 2016, is modified accordingly.
The plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Hasina Yesmin (hereinafter the defendant). The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and to appoint a referee to compute the amount due, and that motion was granted. Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion, arguing, among other things, that no notice of a computation hearing had been served upon her, and that the referee's report was not supported by admissible evidence. The Supreme Court granted the plaintiff's motion and entered a judgment of foreclosure and sale which, inter alia, confirmed the referee's report and directed the sale of the subject property. The defendant appeals from the judgment of foreclosure and sale.
"The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (HSBC Bank USA, N.A. v Cherestal, 178 AD3d 680, 682 [internal quotation marks omitted]; see U.S. Bank N.A. v Sheth, 177 AD3d 1018, 1020). Here, with respect to the amount due to the plaintiff, the referee based his findings on the affidavit of Nicholas J. Raab, an employee of Specialized Loan Servicing, LLC, the plaintiff's loan servicing agent for the subject loan. While Raab provided a proper foundation for the admission of business records made by a prior servicer (cf. PennyMac Corp. v Khan, 178 AD3d 1064, 1066), he failed to attach the business records [*2]themselves to his affidavit. Accordingly, Raab's assertions regarding the date of the defendant's default in making her mortgage payments, the total sum due to the plaintiff, which included the amount of accrued interest calculated from the date of default, and amounts purportedly paid in an escrow advance and for property preservation, without the business records themselves, constituted inadmissible hearsay (see Nationstar Mtge., LLC v Durane-Bolivard, 175 AD3d 1308, 1311; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 208-209; Citimortgage, Inc. v Kidd, 148 AD3d 767, 768-769). The Supreme Court should not have relied upon such hearsay to confirm the referee's report (see Nationstar Mtge., LLC v Durane-Bolivard, 175 AD3d at 1311).
Further, the referee should not have computed the amount due to the plaintiff without holding a hearing on notice to the defendant (see CPLR 4313; Excel Capital Group Corp. v 225 Ross St. Realty, Inc., 165 AD3d 1233, 1236; Aurora Loan Servs., LLC v Taylor, 114 AD3d 627, 629, affd 25 NY3d 355; 243 W. 98th Condominium v Shapiro, 12 AD3d 591, 592). "While [the] Supreme Court has the authority to engage a Referee to compute and report the amount due under a mortgage (see, RPAPL 1321[1]), and can, in its order of reference, define the scope of the reference and delineate the Referee's powers and duties thereunder (CPLR 4311), absent any specified restrictions the Referee has those powers and duties delineated in CPLR article 43 and also must comply with the procedures specified therein (see, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 4311, at 364). One of the specified procedures is the conducting of a hearing (CPLR 4320[a]), upon notice (CPLR 4313)" (Shultis v Woodstock Land Dev. Assoc., 195 AD2d 677, 678). Contrary to the plaintiff's contention, there was no language in the order of reference indicating that a hearing was unnecessary. Nor has the plaintiff cited any case law or statute in support of its theory that, upon the striking of the defendant's answer, the defendant's right to a hearing was waived, as it would be for a defendant who had defaulted in answering a complaint. Accordingly, the defendant was entitled to notice pursuant to CPLR 4313 (see Aurora Loan Servs., LLC v Taylor, 114 AD3d at 629).
RIVERA, J.P., AUSTIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court