Bank of N.Y. Mellon Trust Co., N.A. v Reyes (2022 NY Slip Op 03367)





Bank of N.Y. Mellon Trust Co., N.A. v Reyes


2022 NY Slip Op 03367


Decided on May 25, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 25, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.


2021-03513
2021-04116
 (Index No. 604970/15)

[*1]Bank of New York Mellon Trust Company, N.A., etc., respondent, 
v
Janisse Reyes, et al., appellants, et al., defendants. Mischel & Horn, P.C., New York, NY (Scott T. Horn of counsel), for appellants.


Stradley Ronon Stevens & Young, LLP, New York, NY (Lijue T. Philip of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Janisse Reyes and Romano Tio appeal from (1) an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated April 8, 2021, and (2) an order and judgment of foreclosure and sale (one paper) of the same court, also dated April 8, 2021. The order, insofar as appealed from, (a) denied those branches of those defendants' motion which were pursuant to CPLR 5015(a) to vacate an order of the same court dated November 19, 2019, which, inter alia, granted those branches of the plaintiff's unopposed motion which were for summary judgment on the complaint insofar as asserted against the defendant Janisse Reyes, to strike her answer, and pursuant to CPLR 3215 for leave to enter a default judgment against the defendant Romano Tio, and thereupon, in effect, for leave to amend the answer of the defendant Janisse Reyes to assert a statute of limitations defense, and (b) granted the plaintiff's motion, among other things, for a judgment of foreclosure and sale. The order and judgment of foreclosure and sale, inter alia, directed the sale of the subject property.
ORDERED that the appeal from the order dated April 8, 2021, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In this mortgage foreclosure action, in October 2019, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Janisse Reyes, to strike Reyes's answer, and pursuant to CPLR 3215 for leave to enter a default judgment against the defendant Romano Tio. Reyes and Tio (hereinafter together the defendants) failed to oppose the motion, and in an order dated November 19, 2019, the Supreme Court, among other things, granted those branches of the plaintiff's motion. In February 2020, the defendants moved, inter alia, to [*2]vacate the November 19, 2019 order and thereupon, in effect, for leave to amend Reyes's answer to assert a statute of limitations defense. The plaintiff opposed the motion, and moved, among other things, for a judgment of foreclosure and sale. In an order dated April 8, 2021, the court, inter alia, denied those branches of the defendants' motion and granted the plaintiff's motion. In an order and judgment of foreclosure and sale, also dated April 8, 2021, the court, among other things, directed the sale of the subject property. The defendants appeal.
The appeal from the order dated April 8, 2021, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
"A party seeking to vacate an order entered upon his or her failure to oppose a motion must demonstrate a reasonable excuse for the default and a potentially meritorious opposition to the motion" (Bank of Am., N.A. v Murjani, 199 AD3d 630, 631; see CPLR 5015[a][1]). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court" (Dove v 143 Sch. St. Realty Corp., 172 AD3d 1315, 1317). "In making that discretionary determination, the court should consider relevant factors, such as the extent of the delay, prejudice or lack of prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Citicorp Trust Bank, FSB v Makkas, 127 AD3d 907, 908; see Hamilton v New York Hosp. Queens, 183 AD3d 621, 622). Here, the Supreme Court properly exercised its discretion in determining that the defendants failed to establish a reasonable excuse for their failure to oppose the plaintiff's motion. It is therefore unnecessary to consider whether the defendants sufficiently demonstrated the existence of a meritorious opposition (see Hudson City Sav. Bank v Augustin, 191 AD3d 774, 776).
The defendants' remaining contentions are without merit.
Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were to vacate the November 19, 2019 order, and thereupon, in effect, for leave to amend Reyes's answer to assert a statute of limitations defense, and granted the plaintiff's motion, among other things, for a judgment of foreclosure and sale.
DUFFY, J.P., MALTESE, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court