Wells Fargo Bank, N.A. v Plaut (2022 NY Slip Op 04043)

Wells Fargo Bank, N.A. v Plaut

2022 NY Slip Op 04043

Decided on June 22, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2019-03742 
2019-05336
 (Index No. 69824/15)

[*1]Wells Fargo Bank, N.A., etc., respondent,
v
Harold J. Plaut, etc., appellant, et al., defendants.

McKinley Law, P.C., Rockville Centre, NY (Shannon Cody McKinley of counsel), for appellant.
Jeffrey A. Kosterich, LLC, Tuckahoe, NY (Michael Li of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Harold J. Plaut appeals from (1) an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Westchester County (William J. Giacomo, J.), dated September 26, 2018, and (2) an order of the same court dated March 13, 2019. The order and judgment of foreclosure and sale, upon an order of the same court dated October 11, 2017, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Harold J. Plaut and for an order of reference, granted the plaintiff's unopposed motion, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property. The order dated March 13, 2019, denied the motion of the defendant Harold J. Plaut pursuant to CPLR 5015(a)(1) and (3) to vacate the order and judgment of foreclosure and sale.
ORDERED that the appeal from the order and judgment of foreclosure and sale is dismissed; and it is further,
ORDERED that the order dated March 13, 2019, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On April 12, 2006, the defendants Harold J. Plaut and Renata Plaut (hereinafter together the defendants) executed a note in the sum of $437,500, in favor of Fremont Investment & Loan (hereinafter Fremont), which was secured by a mortgage on certain real property located in Yonkers. On July 26, 2006, the defendants executed a second note in the sum of $31,250 in favor of Fremont, which was secured by a second mortgage on the same property. Also on July 26, 2006, the defendants executed a consolidated note and a consolidation, extension, and modification agreement, forming a single lien in the sum of $468,750.
In November 2015, the plaintiff, Fremont's successor in interest, commenced this action to foreclose the consolidated mortgage against the defendants, among others. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against [*2]Harold and for an order of reference. Harold opposed the motion. In an order dated October 11, 2017, the Supreme Court, among other things, granted those branches of the plaintiff's motion. Harold filed a notice of appeal from that order on November 21, 2017, under Appellate Division Docket No. 2017-13493. Harold never perfected the appeal, and the appeal was deemed dismissed pursuant to the Practice Rules of the Appellate Division (see 22 NYCRR 1250.10[a]).
The plaintiff thereafter moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. Harold did not oppose that motion. In an order and judgment of foreclosure and sale dated September 26, 2018, the Supreme Court granted the plaintiff's unopposed motion, confirmed the referee's report, and directed the sale of the subject property. Harold appeals from the order and judgment of foreclosure and sale.
In December 2018, Harold moved pursuant to CPLR 5015(a)(1) and (3) to vacate the order and judgment of foreclosure and sale. In an affidavit in support, Harold accused his former attorney of malpractice in failing to raise a statute of limitations defense and in failing to respond to the plaintiff's motion, inter alia, for a judgment of foreclosure and sale. Harold also submitted an email from his former attorney, in which his former attorney stated, "There is no opposition to the judgment of foreclosure and sale because we have no non-frivolous grounds to make any objections." In an order dated March 13, 2019, the Supreme Court denied Harold's motion, and Harold appeals from this order.
The appeal from the order and judgment of foreclosure and sale must be dismissed. To the extent that Harold seeks review of the Supreme Court's determination to grant the plaintiff's unopposed motion, inter alia, for a judgment of foreclosure and sale, "[n]o appeal lies from an order or judgment granted upon the default of the appealing party" (HSBC Bank USA, N.A. v Epstein, 199 AD3d 790, 790; see CPLR 5511). To the extent that Harold seeks review of the court's determination to grant those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against him and for an order of reference, which was the subject of contest below (see James v Powell, 19 NY2d 249, 256 n 3), Harold abandoned his prior appeal from the order that granted those branches of the motion. As a general rule, this Court does not consider an issue on a subsequent appeal that was raised or could have been raised on an earlier appeal which was dismissed for failure to perfect, although this Court has the inherent jurisdiction to do so (see Bray v Cox, 38 NY2d 350, 353; Bayview Loan Servicing, LLC v Williams, 149 AD3d 891). We decline to exercise that inherent jurisdiction under the circumstances of this case.
We reject the plaintiff's contention that the appeal from the order dated March 13, 2019, should be dismissed on the ground that Harold failed to assemble an adequate record (cf. Deutsche Bank Natl. Trust Co. v Hounnou, 147 AD3d 814).
The Supreme Court providently exercised its discretion in denying that branch of Harold's motion which was pursuant to CPLR 5015(a)(1) to vacate the order and judgment of foreclosure and sale. A party seeking to vacate an order or judgment entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see id.; NYCTL 1998-2 Trust v DR 226 Holdings, LLC, 192 AD3d 900). "A motion to vacate a default is addressed to the sound discretion of the court" (Vujanic v Petrovic, 103 AD3d 791, 792). Here, the court properly found that Harold's conclusory and unsubstantiated claim of law office failure did not constitute a reasonable excuse for his default in opposing the plaintiff's motion, inter alia, for a judgment of foreclosure and sale (see LaSalle Bank, N.A. v LoRusso, 155 AD3d 706, 707). Since Harold failed to demonstrate a reasonable excuse for his default, we need not consider whether he offered a potentially meritorious opposition to the motion (see Bank of N.Y. Mellon v Adago, 155 AD3d 594, 596).
The Supreme Court also providently exercised its discretion in denying that branch of Harold's motion which was pursuant to CPLR 5015(a)(3) to vacate the order and judgment of foreclosure and sale. Pursuant to CPLR 5015(a)(3), "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of . . . fraud, misrepresentation, or other [*3]misconduct of an adverse party." Where a defendant alleges intrinsic fraud—that the allegations in the complaint are false —the defendant is required to demonstrate a reasonable excuse for the default in order to vacate a judgment pursuant to CPLR 5015(a)(3) (see LaSalle Bank N.A. v Oberstein, 146 AD3d 945, 945). Where a defendant alleges extrinsic fraud—fraud preventing the defendant from fully and fairly litigating the matter—a reasonable excuse for the default is not required (see id.). Here, Harold alleged that the plaintiff committed fraud by stating in the complaint that no prior action to foreclose the subject mortgage had been commenced, when prior actions to foreclose the subject mortgage had been commenced. As this was an allegation of intrinsic fraud, Harold was required to offer a reasonable excuse for his default (see OneWest Bank, FSB v Galloway, 148 AD3d 818, 818-819). As stated above, he failed to do so.
DILLON, J.P., DUFFY, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court