Wilmington Sav. Fund Socy., FSB v Helal (2022 NY Slip Op 07259)

Wilmington Sav. Fund Socy., FSB v Helal

2022 NY Slip Op 07259

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2019-08477
 (Index No. 705586/13)

[*1]Wilmington Savings Fund Society, FSB, etc., respondent, 
v
Kazi Helal, appellant, et al., defendants.

Fadullon Dizon Krul, LLP, Jericho, NY (Juan Paolo F. Dizon and Alexander Krul of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Kazi Helal appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Mojgan C. Lancman, J.), entered May 24, 2019. The order and judgment of foreclosure and sale, upon a decision of the same court dated March 7, 2019, in effect, granted those branches of the plaintiff's motion which were to confirm stated portions of the referee's report and for a judgment of foreclosure and sale, denied the motion of the defendant Kazi Helal pursuant to CPLR 5015(a)(1) to vacate an order of the same court (Sally E. Unger, J.) dated June 18, 2018, granting the unopposed motion of JPMorgan Chase Bank, National Association, the plaintiff's predecessor in interest, inter alia, for summary judgment on the complaint insofar as asserted against him, to strike his answer, and for an order of reference, confirmed stated portions of the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is modified, on the law, (1) by deleting the provision thereof, in effect, granting those branches of the plaintiff's motion which were to confirm stated portions of the referee's report and for a judgment of foreclosure and sale, and substituting therefor a provision denying those branches of the motion, and (2) by deleting the provisions thereof confirming stated portions of the referee's report and directing the sale of the subject property; as so modified, the order and judgment of foreclosure and sale is affirmed, without costs or disbursements.
JPMorgan Chase Bank, National Association (hereinafter JPMorgan), the plaintiff's predecessor in interest, commenced this action to foreclose a mortgage against, among others, the defendant Kazi Helal (hereinafter the defendant). In an order dated June 18, 2018, the Supreme Court granted JPMorgan's unopposed motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. The plaintiff thereafter moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant moved pursuant to CPLR 5015(a)(1) to vacate the order dated June 18, 2018. In an order and judgment of foreclosure and sale entered May 24, 2019, upon a decision, the court, in effect, granted those branches of the plaintiff's motion which were to confirm stated portions of the referee's report and for a judgment of foreclosure and sale, denied the defendant's motion, confirmed stated portions of the referee's report, and directed the sale of the subject property. The defendant appeals from the order and judgment of foreclosure and sale.
"A party seeking to vacate an order or judgment entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion" (Wells Fargo Bank, N.A. v Plaut, 206 AD3d 953, 955; see CPLR 5015[a][1]; Bank of N.Y. Mellon Trust Co., N.A. v Reyes, 205 AD3d 991, 992). "A motion to vacate a default is addressed to the sound discretion of the court" (Vujanic v Petrovic, 103 AD3d 791, 792; see Wells Fargo Bank, N.A. v Plaut, 206 AD3d at 955). Although a court has the discretion to accept law office failure as a reasonable excuse for a party's default (see CPLR 2005), such defaults should not be routinely excused, and "mere neglect is not a reasonable excuse" (OneWest Bank, FSB v Singer, 153 AD3d 714, 716; see Bank of Am., N.A. v Murjani, 199 AD3d 630, 631).
Here, the Supreme Court providently exercised its discretion in determining that the defendant's claim of law office failure did not constitute a reasonable excuse for his default in opposing JPMorgan's motion. The defendant's submissions essentially attributed the failure to oppose the motion to general confusion on the part of his counsel resulting from its busy legal practice (see Bank of Am., N.A. v Murjani, 199 AD3d at 631). Since the defendant failed to demonstrate a reasonable excuse for his default, we need not consider whether he offered a potentially meritorious opposition to the motion (see Wells Fargo Bank, N.A. v Plaut, 206 AD3d at 955; Bank of Am., N.A. v Murjani, 199 AD3d at 631). Thus, the court properly, in effect, denied the defendant's motion pursuant to CPLR 5015(a)(1) to vacate the order dated June 18, 2018.
However, the Supreme Court should not have, in effect, granted those branches of the plaintiff's motion which were to confirm stated portions of the referee's report and for a judgment of foreclosure and sale. "The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Wells Fargo Bank, N.A. v Yesmin, 186 AD3d 1761, 1762 [internal quotation marks omitted]). Here, with respect to the amount due to the plaintiff, the referee based her findings on the affidavit of an employee of the plaintiff's loan servicing agent. That employee made assertions regarding the date of the defendant's default and the total sum due to the plaintiff based on her review of business records. However, the business records themselves were not attached to the affidavit. Consequently, the assertions regarding the date of the defendant's default and the total sum due to the plaintiff, without the business records themselves, constituted inadmissible hearsay (see id. at 1762-1763; Nationstar Mtge., LLC v Durane-Bolivard, 175 AD3d 1308, 1310-1311; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 208-209). Accordingly, the court erred in confirming stated portions of the referee's report (see Wells Fargo Bank, N.A. v Yesmin, 186 AD3d at 1763; Nationstar Mtge., LLC v Durane-Bolivard, 175 AD3d at 1311).
The defendant contends that he was not provided notice of a hearing on the issues addressed in the referee's report. "[A]s long as a defendant is not prejudiced by the inability to submit evidence directly to the referee, a referee's failure to notify a defendant and hold a hearing is not, by itself, a basis to reverse a judgment of foreclosure and sale and remit the matter for a hearing and a new determination of amounts owed" (Bank of N.Y. Mellon v Viola, 181 AD3d 767, 770). "Where, as here, a defendant had an opportunity to raise questions and submit evidence directly to the Supreme Court, which evidence could be considered by the court in determining whether to confirm the referee's report, the defendant is not prejudiced by any error in failing to hold a hearing" (id. at 770).
DILLON, J.P., CHRISTOPHER, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court