Flagstar Bank, FSB v Davis (2023 NY Slip Op 02104)

Flagstar Bank, FSB v Davis

2023 NY Slip Op 02104

Decided on April 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-02001
 (Index No. 16906/13)

[*1]Flagstar Bank, FSB, plaintiff-respondent,
v
Camille Davis, appellant, et al., defendants; Bayview Loan Servicing, LLC, nonparty-respondent.

Stephen C. Silverberg, PLLC, Uniondale, NY, for appellant.
Robertson, Anschutz, Schneid, Crane & Parners, PLLC, Westbury, NY (Joseph F. Battista of counsel), for plaintiff-respondent and nonparty-respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Camille Davis appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), entered October 23, 2017. The order and judgment of foreclosure and sale, upon an order of the same court entered January 30, 2017, inter alia, granting those branches of the plaintiff's unopposed renewed motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike her answer, and for an order of reference, inter alia, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, in effect, denied that defendant's cross-motion to vacate her default in opposing the plaintiff's renewed motion for summary judgment on the complaint insofar as asserted against that defendant, to strike her answer, and for an order of reference, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
In August 2009, the defendant Camille Davis (hereinafter the defendant) obtained a loan from nonparty Nationwide Equities Corp., which was secured by a residential mortgage on real property located in West Babylon. In June 2013, the plaintiff commenced this action to foreclose the mortgage. The complaint states that a copy of the note was annexed thereto.
In August 2015, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. The defendant cross-moved for leave to file an amended answer to assert numerous affirmative defenses and counterclaims. By order dated December 21, 2015, the Supreme Court denied the plaintiff's motion with leave to renew, and granted the defendant's cross-motion only to the extent that a counterclaim for recovery of attorney's fees pursuant to Real Property Law § 282 would be deemed included in the original answer. The court found that all of the remaining affirmative defenses and counterclaims set forth in the proposed amended answer were devoid of merit and/or palpably insufficient. The defendant appealed from so much of the December 21, 2015 order as denied those branches of her cross-motion which were for leave to amend her answer to [*2]assert the affirmative defense of failure to state a cause of action and fraud, and a counterclaim for disgorgement of profits. By decision and order dated December 4, 2019, this Court affirmed, finding that those proposed affirmative defenses and counterclaim were palpably insufficient or devoid of merit (see Flagstar Bank, FSB v Davis, 178 AD3d 670).
In November 2016, the plaintiff renewed its motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference (hereinafter the renewed motion) based upon an affidavit of its employee, who stated that she had personal knowledge of the plaintiff's record-keeping practices, and submitted copies of the plaintiff's business records, indicating that the defendant defaulted in paying the mortgage. In a separate affidavit, the employee stated that the plaintiff had been in possession of the note since August 25, 2009. Upon the defendant's default in opposing the renewed motion, the Supreme Court granted the renewed motion in an order entered January 30, 2017. The order appointed a referee to hear and report as to the amount due "with all convenient speed."
In a notice dated April 26, 2017, the plaintiff's counsel notified the defendant's counsel that a referee had been appointed, and that a control date had been set for the submission of documents to the referee. After the referee issued his report in May 2017, the plaintiff moved to confirm the report and for a judgment of foreclosure and sale, and the defendant cross-moved to vacate her default in opposing the renewed motion. In an affirmation in support of the cross-motion, the defendant's counsel contended that there was a reasonable excuse for the default in opposing the renewed motion. The defendant's counsel stated that the parties had stipulated to adjourn the return date of the renewed motion to January 20, 2017, but that there had been a death in his family on January 13, 2017. The defendant's counsel asserted that he had attempted to secure a further adjournment of the renewed motion, but that he learned on February 2, 2017, from his e-Law account, that the Supreme Court had marked the renewed motion fully submitted on January 20, 2017, and had decided the renewed motion on January 30, 2017. In opposition to the cross-motion, the plaintiff noted that the defendant's counsel had learned on February 2, 2017, that the renewed motion had been granted, yet did not move to vacate the default in opposing the renewed motion until more than seven months later, after the motion, inter alia, to confirm the referee's report was made.
In an order and judgment of foreclosure and sale entered October 23, 2017, the Supreme Court, inter alia, granted the plaintiff's motion, in effect, denied the defendant's cross-motion, confirmed the referee's report, and directed the sale of the subject property. The defendant appeals.
"A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion" (HSBC Bank USA, N.A. v Chowdhury, 204 AD3d 764, 765; see CPLR 5015[a][1], [3]). A motion to vacate a default is addressed to the sound discretion of the trial court (see Nationstar Mtge., LLC v Rodriguez, 166 AD3d 990, 991). Under the circumstances, the Supreme Court's denial of the defendant's cross-motion to vacate her default in opposing the plaintiff's renewed motion for summary judgment was a provident exercise of discretion (see Delucia v Mar Lbr. Co., Inc., 210 AD3d 636, 638).
The defendant contends that the referee violated CPLR 4313 by failing to provide her with notice of a hearing. However, "[w]here, as here, a defendant had an opportunity to raise questions and submit evidence directly to the Supreme Court, which evidence could be considered by the court in determining whether to confirm the referee's report, the defendant is not prejudiced by any error in failing to hold a hearing" (Bank of Am., N.A. v Scher, 205 AD3d 989, 990; see Bank of N.Y. Mellon v Viola, 181 AD3d 767, 770). The defendant contends that she was prejudiced, because the Supreme Court lacked the power to reject the referee's report. However, the court granted the referee the power to hear and report as to the amount owed, therefore the referee was not the final arbiter of the matter, and his findings were subject to confirmation, rejection, or modification by the court (see Emigrant Bank v Solimano, 209 AD3d 153, 160; U.S. Bank N.A. v Morton, 196 AD3d 715, 717).
The defendant's remaining contentions are either without merit or not properly before this Court.
BARROS, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court