Heitner v Capital One, Natl. Assn. (2024 NY Slip Op 02176)

Heitner v Capital One, Natl. Assn.

2024 NY Slip Op 02176

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2022-02694 
2022-04700
 (Index No. 602920/19)

[*1]Walter Heitner, Jr., et al., respondents, 
v
Capital One, National Association, etc., et al., defendants, Deutsche Bank National Trust Company, etc., appellant.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista and Jason W. Creech of counsel), for appellant.
PM Law P.C., New York, NY (Pankaj Malik of counsel), for respondents.

DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the defendant Deutsche Bank National Trust Company appeals from (1) an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered February 25, 2022, and (2) an order of the same court entered April 13, 2022. The order entered February 25, 2022, insofar as appealed from, (1) denied that defendant's motion (a) for leave to reargue its prior motion, inter alia, pursuant to CPLR 5015(a) to vacate a judgment of the same court (Julianne T. Capetola, J.) entered February 4, 2020, upon its failure to appear or answer the complaint, which had been denied in an order of the same court (Julianne T. Capetola, J.) entered February 4, 2021, (b) pursuant to CPLR 5015(a)(3) and CPLR 3215 to vacate the judgment, (c) pursuant to CPLR 5015(a)(4) to vacate so much of an order of the same court (Julianne T. Capetola, J.) entered May 12, 2021, as, upon an order of the same court (Julianne T. Capetola, J.) entered February 4, 2021, granting the plaintiffs' motion to cancel a notice of pendency filed in a related action to foreclose the mortgage, cancelled the notice of pendency, and (d) to dismiss the complaint insofar as asserted against it, and (2) granted that branch of the plaintiffs' cross-motion which was for an award of attorneys' fees pursuant to Real Property Law § 282 to the extent of awarding attorneys' fees to the plaintiffs in the sum of $2,500. The order entered April 13, 2022, upon the order entered February 25, 2022, awarded attorneys' fees to the plaintiffs in the sum of $2,500.
ORDERED that the appeal from so much of the order entered February 25, 2022, as denied that branch of the motion of the defendant Deutsche Bank National Trust Company which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the appeal from so much of the order entered February 25, 2022, as denied that branch of the motion of the defendant Deutsche Bank National Trust Company which was pursuant to CPLR 5015(a)(4) to vacate so much of an order entered May 12, 2021, as cancelled the notice of pendency is dismissed as academic; and it is further,
ORDERED that the order entered February 25, 2022, is modified, on the law, by [*2]deleting the provision thereof granting that branch of the plaintiffs' cross-motion which was for an award of attorneys' fees pursuant to Real Property Law § 282 to the extent of awarding them attorneys' fees in the sum of $2,500, and substituting therefor a provision denying that branch of the cross-motion; as so modified, the order is affirmed insofar as reviewed; and it is further,
ORDERED that the order entered April 13, 2022, is reversed, on the law; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
In November 2006, the plaintiffs, Walter Heitner, Jr., and Gail Heitner, executed a note in the principal sum of $450,000, which was secured by a mortgage on certain real property located in Wantagh. In 2009, the defendant Deutsche Bank National Trust Company (hereinafter the defendant) commenced an action to foreclose the mortgage, which was thereafter dismissed.
On or about March 1, 2019, the plaintiffs commenced the instant action pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage on the ground that the statute of limitations for commencing a foreclosure action had expired. The defendant failed to appear or answer the complaint. In an order entered November 13, 2019, the Supreme Court granted the plaintiffs' unopposed motion, inter alia, for leave to enter a default judgment against the defendant. On February 4, 2020, a judgment was entered in favor of the plaintiffs and against the defendant, among others, inter alia, cancelling and discharging of record the mortgage.
The defendant subsequently moved, inter alia, pursuant to CPLR 5015(a)(3) and CPLR 3215 to vacate the judgment, and pursuant to CPLR 5015(a)(4) to vacate so much of an order entered May 12, 2021, as cancelled a notice of pendency filed by the defendant in a related foreclosure action. The plaintiffs cross-moved, among other things, for an award of attorneys' fees pursuant to Real Property Law § 282. In an order entered February 25, 2022, the Supreme Court denied the defendant's motion and granted that branch of the plaintiffs' cross-motion to the extent of awarding them attorneys' fees in the sum of $2,500. In an order entered April 13, 2022, the court awarded attorneys' fees to the plaintiffs in the sum of $2,500.
The appeal from so much of the order entered February 25, 2022, as denied the defendant's motion to vacate so much of the order entered May 12, 2021, as cancelled the notice of pendency filed by the defendant in the related foreclosure action, must be dismissed as academic, as the notice of pendency expired and is a nullity (see CPLR 6513; Matter of Sakow, 97 NY2d 436, 442; Deutsch v Grunwald, 138 AD3d 915).
CPLR 5015(a)(3) permits a court to vacate a judgment or order upon the ground of fraud, misrepresentation, or other misconduct of an adverse party (see HSBC Bank USA N.A. v Kantor, 215 AD3d 643, 644). "Where a defendant alleges intrinsic fraud—that the allegations in the complaint are false—the defendant is required to demonstrate a reasonable excuse for the default in order to vacate a judgment pursuant to CPLR 5015(a)(3)" (Wells Fargo Bank, N.A. v Plaut, 206 AD3d 953, 955; see LaSalle Bank N.A. v Oberstein, 146 AD3d 945, 945). "Where a defendant alleges extrinsic fraud—fraud preventing the defendant from fully and fairly litigating the matter—a reasonable excuse for the default is not required" (Wells Fargo Bank, N.A. v Plaut, 206 AD3d at 955; see LaSalle Bank N.A. v Oberstein, 146 AD3d at 945).
Here, the defendant alleged that the complaint contained misrepresentations and omitted material information. As these were allegations of intrinsic fraud, the defendant was required to provide a reasonable excuse for its default. Since the defendant failed to identify any reasonable excuse for its default, that branch of its motion which was pursuant to CPLR 5015(a)(3) to vacate the judgment was properly denied (see Wells Fargo Bank, N.A. v Plaut, 206 AD3d at 955; LaSalle Bank N.A. v Oberstein, 146 AD3d at 945).
The defendant further contends that the Supreme Court should have vacated the judgment because the plaintiffs failed to comply with CPLR 3215(f), which requires a party moving for leave to enter a default judgment to file "proof of the facts constituting the claim." However, [*3]contrary to the defendant's contention, "the [plaintiffs'] purported failure to provide facts constituting the claim . . . does not relieve the defendant of its burden under CPLR 5015(a)(1) to provide a reasonable excuse for the default," which it failed to do, or otherwise constitute a basis for vacatur of the judgment (Uceta v Sherwood, LLC, 189 AD3d 1114, 1115; see Manhattan Telecom. Corp. v H & A Locksmith, Inc., 21 NY3d 200, 203-204; Hill v Stone, 113 AD3d 595).
The Supreme Court erred, however, in granting that branch of the plaintiffs' cross-motion which was for an award of attorneys' fees pursuant to Real Property Law § 282, as the plaintiffs have not asserted a cause of action to recover attorneys' fees and expenses authorized by that statute (see Real Property Law § 282[1]; Heitner v Capital One, N.A., _____ AD3d _____ [Appellate Division Docket No. 2021-01146; decided herewith]; U.S. Bank N.A. v Onuoha, 216 AD3d 1069, 1073).
The defendant's remaining contentions are without merit.
IANNACCI, J.P., CHRISTOPHER, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court