U.S. Bank N.A. v Tenenbaum (2024 NY Slip Op 03067)

U.S. Bank N.A. v Tenenbaum

2024 NY Slip Op 03067

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2018-13862
 (Index No. 34412/17)

[*1]U.S. Bank National Association, etc., respondent,
v
Isaac Tenenbaum, et al., appellants, et al., defendants.

Joseph J. Haspel, PLLC, Middletown, NY, for appellants.
Friedman Vartolo LLP, New York, NY (Ronald P. Labeck of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Isaac Tenenbaum, Hanna Silber, and Paul Buchler appeal from an order of the Supreme Court, Rockland County (Thomas E. Walsh II, J.), dated October 17, 2018. The order granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale.
ORDERED that the appeal by the defendants Hanna Silber and Paul Buchler is dismissed, as no appeal lies from an order entered upon the default of the appealing party (see CPLR 5511); and it is further,
ORDERED that the order is reversed on the appeal by the defendant Isaac Tenenbaum, on the law, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, the referee's report is rejected, and the matter is remitted to the Supreme Court, Rockland County, for a new report computing the amount due to the plaintiff in accordance herewith; and it is further,
ORDERED that one bill of costs is awarded to the defendant Isaac Tenenbaum.
The relevant background facts underlying this appeal are set forth in this Court's decision and order on a related appeal (see U.S. Bank N.A. v Tenenbaum, _____ AD3d _____ [Appellate Division Docket No. 2021-00181; decided herewith]). In an order dated June 7, 2018, the Supreme Court, inter alia, granted the plaintiff's motion for summary judgment on the complaint and for an order of reference. In July 2018, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. In an order dated October 17, 2018, the court granted the plaintiff's motion. The defendants Isaac Tenenbaum, Hanna Silber, and Paul Buchler appeal [FN1].
The appeal by Silber and Buchler must be dismissed, as no appeal lies from an order entered upon the default of the appealing party (see CPLR 5511).
Tenenbaum contends that he was not provided notice of a hearing on the issues addressed in the referee's report. However, "[a]s long as a defendant is not prejudiced by the inability to submit evidence directly to the referee, a referee's failure to notify a defendant and hold a hearing is not, by itself, a basis to reverse a judgment of foreclosure and sale and remit the matter for a hearing and a new determination of amounts owed" (Wilmington Sav. Fund Socy., FSB v Helal, 211 AD3d 991, 994 [internal quotation marks omitted]; see Bank of N.Y. Mellon v Viola, 181 AD3d 767, 770). "Where, as here, a defendant had an opportunity to raise questions and submit evidence directly to the Supreme Court, which evidence could be considered by the court in determining whether to confirm the referee's report, the defendant is not prejudiced by any error in failing to hold a hearing" (Wilmington Sav. Fund Socy., FSB v Helal, 211 AD3d at 994 [internal quotation marks omitted]; see Flagstar Bank, FSB v Davis, 215 AD3d 920, 923).
Nevertheless, the Supreme Court should have denied the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale. "The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Pennymac Corp. v Pryce, 211 AD3d 1029, 1030 [internal quotation marks omitted]; see HSBC Bank USA, N.A. v Delgado, 211 AD3d 920, 921). In support of its motion, the plaintiff relied upon the affidavit of an employee of its loan servicer, who attested, based upon his review of the servicer's books and records, to the amount due under the mortgage loan. However, the plaintiff's affiant failed to annex or otherwise produce the subject business records. "Under the circumstances, the affidavit relied upon by the plaintiff constituted inadmissible hearsay and lacked probative value, and the referee's findings with respect to the total amount due upon the mortgage were not substantially supported by the record" (Bank of N.Y. Mellon v Fontana, 186 AD3d 445, 446; see Bank of Am., N.A. v Gonzalez, 219 AD3d 433, 436; Wells Fargo Bank, N.A. v Yesmin, 186 AD3d 1761, 1762).
Tenenbaum's remaining contentions either are not properly before this Court or need not be reached in light of our determination.
Accordingly, we reverse the order appealed from, deny the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and remit the matter to the Supreme Court, Rockland County, for a new report computing the amount due to the plaintiff in accordance herewith.
CONNOLLY, J.P., GENOVESI, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court

Footnotes

Footnote 1: In an order dated September 1, 2020, the Supreme Court, inter alia, sua sponte, vacated the October 17, 2018 order (see U.S. Bank N.A. v Tenenbaum, ____ AD3d ____ [Appellate Division Docket No. 2021-00181; decided herewith]). The plaintiff appealed from the September 1, 2020 order (see id.). In the related appeal, we determined, inter alia, that the court should not have, sua sponte, vacated the October 17, 2018 order, and, among other things, we reinstated the October 17, 2018 order (see id.).