SL Group Constr., LLC v Marotti (2025 NY Slip Op 50190(U))

[*1]

SL Group Constr., LLC v Marotti

2025 NY Slip Op 50190(U)

Decided on February 13, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 13, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELENA GOLDBERG-VELAZQUEZ, JOSEPH R. CONWAY, JJ

2024-137 N C

SL Group Construction, LLC, Respondent,
against
Danielle Marotti, Steve Losyk, and Joseph Halama, Appellants. 

Berger, Fischoff, Shumer, Wexler & Goodman, LLP (Brad A. Schlossberg of counsel), for appellants.
Kenneth B. Mock, for respondent (no brief filed).

Appeal from an order of the District Court of Nassau County, First District (Christopher J. Coschignano, J.), dated January 22, 2024. The order denied tenants' motion to vacate a final judgment of that court entered December 14, 2023, pursuant to a December 4, 2023 order of that court granting landlord's unopposed motion for summary judgment, and, in effect, to vacate the December 4, 2023 order, in a holdover summary proceeding.

ORDERED that the order is affirmed, without costs.
In this holdover proceeding, a default final judgment was entered on December 14, 2023 in favor of landlord upon an order of the District Court (Christopher J. Coschignano, J.) dated December 4, 2023, which granted, on tenants' default, landlord's motion for summary judgment. Thereafter, tenants moved to vacate the default final judgment and, in effect, the December 4, 2023 order. By order dated January 22, 2024, the District Court (Christopher J. Coschignano, J.) denied the motion.
"A party seeking to vacate an order or judgment entered upon his or her default in [*2]opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion" (Wells Fargo Bank, N.A. v Plaut, 206 AD3d 953, 955 [2022]; see CPLR 5015 [a] [1]; SS Med. Care, P.C. v 21st Century Ins. Co., 64 Misc 3d 142[A], 2019 NY Slip Op 51268[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the trial court (see Harcztark v Drive Variety, Inc., 21 AD3d 876 [2005]; Matter of Gambardella v Ortov Light., 278 AD2d 494 [2000]). Here, the District Court did not improvidently exercise its discretion in determining that tenants failed to demonstrate a reasonable excuse for their default. Additionally, tenants failed to demonstrate a potentially meritorious opposition to landlord's motion for summary judgment. We do not consider allegations made or arguments raised for the first time on appeal (see Gross v Aetna Cas. & Sur. Co., 240 AD2d 468, 469 [1997]).
Accordingly, the order is affirmed.
GARGUILO, P.J., GOLDBERG-VELAZQUEZ and CONWAY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 13, 2025