Sabo v Eisenberg (2025 NY Slip Op 06204)

Sabo v Eisenberg

2025 NY Slip Op 06204

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2024-01546
 (Index No. 33619/22)

[*1]Michael Sabo, et al., appellants-respondents,
v
Sol Eisenberg, etc., et al., respondents-appellants.

Vink & Gold, PLLC, White Plains, NY (Paul T. Vink and Elie B. Gold of counsel), for appellants-respondents.
Becker New York, P.C., New York, NY (Glenn H. Spiegel of counsel), for respondents-appellants.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the plaintiffs appeal, and the defendants cross-appeal, from an order of the Supreme Court, Rockland County (Rolf M. Thorsen, J.), dated January 9, 2024. The order, insofar as appealed from, granted those branches of the defendants' motion which were pursuant to CPLR 5015(a) to vacate so much of an order of the same court dated June 13, 2023, as granted those branches of the plaintiffs' motion which were for leave to enter a default judgment against the defendants Sol Eisenberg and Moshe Eisenberg and so much of a judgment of the same court dated July 7, 2023, as is in favor of the plaintiffs and against those defendants. The order, insofar as cross-appealed from, denied those branches of the defendants' motion which were pursuant to CPLR 5015(a) to vacate so much of the order dated June 13, 2023, as granted those branches of the plaintiffs' motion which were for leave to enter a default judgment against the defendants Middletown North Dev., LLC, 48 North Realty 2019, LLC, and Valley View Equities Corp. and so much of the judgment dated July 7, 2023, as is in favor of the plaintiffs and against those defendants.
ORDERED that the order dated January 9, 2024, is reversed insofar as appealed from, on the law and the facts, and those branches of the defendants' motion which were pursuant to CPLR 5015(a) to vacate so much of the order dated June 13, 2023, as granted those branches of the plaintiffs' motion which were for leave to enter a default judgment against the defendants Sol Eisenberg and Moshe Eisenberg and so much of the judgment dated July 7, 2023, as is in favor of the plaintiffs and against those defendants, is denied; and it is further,
ORDERED that the order dated January 9, 2024, is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
In August 2022, the plaintiffs commenced this action against the defendants, inter alia, to recover damages for fraud, and although properly served, the defendants failed to appear or answer the complaint. In an order dated June 13, 2023, the Supreme Court granted the plaintiffs' motion for leave to enter a default judgment against the defendants (hereinafter the default judgment [*2]order). A judgment dated July 7, 2023, was entered in favor of the plaintiffs and against the defendants (hereinafter the judgment).
In December 2023, the defendants moved, among other things, to vacate the default judgment order and the judgment. In an order dated January 9, 2024, the Supreme Court granted those branches of the defendants' motion which were to vacate so much of the default judgment order as granted those branches of the plaintiffs' motion which were for leave to enter a default judgment against the defendants Sol Eisenberg and Moshe Eisenberg (hereinafter together the Eisenbergs) and so much of the judgment as is in favor of the plaintiffs and against the Eisenbergs, and denied those branches of the defendants' motion which were to vacate so much of the default judgment order as granted those branches of the plaintiffs' motion which were for leave to enter a default judgment against the defendants Middletown North Dev., LLC, 48 North Realty 2019, LLC, and Valley View Equities Corp. (hereinafter collectively the corporate defendants) and so much of the judgment as is in favor of the plaintiffs and against the corporate defendants. The plaintiffs appeal, and the defendants cross-appeal.
"[A] defendant seeking to vacate a default in appearing or answering must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense to the action" (Bank of N.Y. Mellon v Genova, 159 AD3d 1009, 1010 [internal quotation marks omitted]; see McCarey v Offshore Trophy Room, Inc., 223 AD3d 893, 893). "The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion" (Davis v Durand, 227 AD3d 774, 776 [internal quotation marks omitted]; see Delucia v Mar Lbr. Co., Inc., 210 AD3d 636, 637). "Where the defendant fails to demonstrate a reasonable excuse for the default, the court need not consider whether a potentially meritorious defense was offered" (Windward Bora, LLC v Lodico, 206 AD3d 1038, 1039 [internal quotation marks omitted]; see Cartessa Aesthetics, LLC v Demko, 217 AD3d 821, 822).
Here, the Supreme Court should have denied those branches of the defendants' motion which were to vacate so much of the default judgment order as granted those branches of the plaintiffs' motion which were for leave to enter a default judgment against the Eisenbergs and so much of the judgment as is in favor of the plaintiffs and against the Eisenbergs. The Eisenbergs' alleged mistaken belief that the summons and complaint in this action pertained to a prior action does not constitute a reasonable excuse for their default under the circumstances (see Wells Fargo Bank, N.A. v Lewis, 232 AD3d 649, 651; Insiders Success Ventures, LLC v Onewest Bank, FSB, 187 AD3d 866, 867). Furthermore, Sol Eisenberg's unsubstantiated claims that he had moved out of the country and was no longer involved in the day-to-day operations of a business where service of process was effected does not constitute a reasonable excuse under the circumstances (see Williamson v Marlou Cab Corp., 129 AD3d 711, 713; Tribeca Lending Corp. v Crawford, 79 AD3d 1018, 1019).
In view of the absence of a reasonable excuse, we need not consider whether the Eisenbergs demonstrated a potentially meritorious defense to the action (see Wells Fargo Bank, N.A. v Lewis, 232 AD3d at 651; Kuznetsova v Dart Seasonal Prods., Inc., 226 AD3d 763, 764). For the same reasons, the Supreme Court properly denied those branches of the defendants' motion which were to vacate so much of the default judgment order as granted those branches of the plaintiffs' motion which were for leave to enter a default judgment against the corporate defendants and so much of the judgment as is in favor of the plaintiffs and against the corporate defendants.
"CPLR 5015(a)(3) permits a court to vacate a judgment or order upon the ground of fraud, misrepresentation, or other misconduct of an adverse party" (Heitner v Capital One, N.A., 226 AD3d 979, 981; see Christiana Trust v McCobb, 187 AD3d 981, 982). "A defendant seeking to vacate a default pursuant to CPLR 5015(a)(3) based on intrinsic fraud must establish a reasonable excuse for the default and a potentially meritorious defense to the action" (Bank of N.Y., N.A. v Scarso, 233 AD3d 739, 740 [internal quotation marks omitted]). Intrinsic fraud includes "presenting false statements or information to a court" (id. at 740 [internal quotation marks omitted]). Relatedly, the omission of material information from materials presented to the court during the course of litigation generally constitutes intrinsic fraud (see id.; HSBC Bank USA N.A. v Kantor, 215 AD3d [*3]643, 645). By contrast, extrinsic fraud prevents a defendant from fully and fairly litigating the action by "some device, trick, or deceit that led him or her to believe that he or she need not defend th[e] action" (US Bank N.A. v Nunez, 208 AD3d 711, 713 [alterations and internal quotation marks omitted]).
Here, the defendants' allegation that the plaintiffs improperly failed to disclose the existence of a prior action between the parties concerning the same subject matter was an allegation of intrinsic fraud (see Bank of N.Y., N.A. v Scarso, 233 AD3d at 740-741; Wells Fargo Bank, N.A. v Plaut, 206 AD3d 953, 955). Since the defendants failed to establish a reasonable excuse for their default, they were not entitled to vacatur of the default judgment order and the judgment pursuant to CPLR 5015(a)(3) (see Bank of N.Y., N.A. v Scarso, 233 AD3d at 741; Wells Fargo Bank, N.A. v Plaut, 206 AD3d at 955).
In light of our determination, we need not reach the parties' remaining contentions.
DUFFY, J.P., BRATHWAITE NELSON, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court